Foy *v.* Blackstone.

# GEORGE FOY

*v.*

# TIMOTHY B. BLACKSTONE.

1. PROMISSORY NOTE—*delivery.* Delivery of a promissory note is essential to its validity.

2. SAME—*as an escrow.* Like deeds, promissory notes can be delivered as escrows, to take effect only upon the happening of a certain event.

3. PAROL EVIDENCE—*escrow.* When a note is delivered as an escrow to take effect on the happening of a certain event, whether such event has occurred may be proven by parol.

4. SAME—*varying terms of the instrument.* But parol proof must not go to the extent of varying the terms of a note absolute on its face, showing that though on its face, it was given for one purpose, yet in fact, it was given for a different purpose.

5. The rule is well settled, that the maker of an absolute note cannot show against the payee, and, *a fortiori*, not against any indorsee, an oral contemporaneous agreement which makes the note payable on a contingency.

6. SAME—*how far allowable.* Parol evidence would, however, be admissible to impeach the consideration of the note, or to show fraud in the transaction.

7. ASSIGNEE *before maturity—how far protected.* When an assignee sues upon a note which was assigned before maturity, an offer to prove matters in defense which could be made availing against the assignee only in case he had notice, should be accompanied by an offer to prove that he had knowledge of such defense, when he took the assignment.

Foy v. Blackstone.

8. FRAUD—*what constitutes.* An agreement between a railroad company and a subscriber to the stock of the company, that the latter should not be required to pay his subscription until all the stock was subscribed, and that if the road should not be built within a certain time, he should not be required to pay it at all, would be a fraud upon other stockholders who subscribed upon less favorable terms; and such an agreement ought not to be enforced.

9. ASSIGNMENT—*consideration—pre-existing debt.* The fact that an assignee receives the instrument in payment of a pre-existing debt due him from the assignor, can make no difference in his right to a recovery upon it. He is the assignee for a valuable consideration and entitled to all the rights of such.

10. SAME—*in what manner questioned.* A party desiring to question the assignment of a note on a trial before a justice of the peace, must deny the assignment by affidavit.

APPEAL from the Circuit Court of Whiteside county, the Hon. JOHN V. EUSTACE, Judge, presiding.

George Foy, the appellant, having subscribed ten shares of one hundred dollars each, to the capital stock of the Camanche, Albany and Mendota Railroad Company, executed his bond to the company therefor, on the 10th of February, 1857, payable ten years after its date; and on the same day the said Foy executed and delivered to the company his coupon note for one year's interest on said bond, as follows:

"PROPHETSTOWN, FEB. 10, 1857.

"On the first day of March, 1859, I promise to pay to the order of the Camanche, Albany and Mendota Railroad Company, one hundred dollars at their office in     , State of Illinois, for value received, being one year's interest falling due on that day, on my bond of even date herewith, payable to the order of the said company at their office as aforesaid.

GEORGE FOY."

This note, together with the bond, was assigned, before maturity, to Timothy B. Blackstone.

The note coming due and remaining unpaid, Blackstone, the assignee, instituted suit upon it before a justice of the peace of Whiteside county, and recovered a judgment against Foy, who took an appeal to the Circuit Court. When the note was offered in evidence upon the trial in the Circuit Court, it appeared to be indorsed in blank, thus: " Samuel

Happer, Treasurer." The court allowed the plaintiff, against the objection of the defendant, to fill in the indorsement as follows: "Pay Timothy B. Blackstone or 'order, Camanche, Albany and Mendota Railroad Company, by"

The defendant still objected to the introduction of the note in evidence, on the ground that the company had no authority to take and transfer the note in the manner it was taken and transferred, and upon the further ground that the plaintiff should first show that the directors of the company had made a demand upon Foy for the amount of his subscription; and that it should be shown the directors authorized the taking of the note.

The defendant also insisted the company had no power to take the note, and that there was no consideration therefor. But the Circuit Court overruled the objections, and admitted the note in evidence; to which the defendant excepted.

The defendant then offered to prove certain facts by way of a defense to the note. The matters thus offered to be set up are sufficiently explained in the opinion of the court.

The trial resulted in a judgment against Foy, who thereupon took this appeal, and now alleges, that

1. The court erred in permitting the note to go to the jury until it was proved by competent evidence that Happer, the treasurer, had authority to transfer said note.

2. In permitting the note to be given in evidence to the jury until it was proved that the directors had made a demand on defendant below, for his capital stock.

3. In letting the note go to the jury without proof that the directors authorized the taking of it.

4. The company had no power to take said note.

5. There was no consideration for said note.

6. The evidence offered by the defendant below, ought to have been admitted.

Mr. Samuel Strawder, for the appellant.

Mr. B. C. Cook, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court.

All the questions raised on this record have been decided in the case of *Goodrich* v. *Reynolds, Wilder & Co., ante,* 490, except one, and that arises upon the sixth assignment of error, which is, that the court rejected certain evidence offered by the defendant.

It appears from the record, the defendant offered to prove when the bond and coupon notes were given by him to the company, it was agreed between him and the company, acting by A. J. Matson, a director of the company, that the note was to be kept by the company in the possession of Matson as the director and agent of the company, and that the defendant was not to be held liable on it, until the whole amount of the capital stock required to build the road, should be subscribed for and taken, and if the road was not built and completed within two years from the date of the bonds and coupons, then the bonds and coupons were to be given up to the defendant, and that the capital stock had not been subscribed for, and the road has not been built.

Delivery of a note is essential to its validity ; the conditions, therefore, under which a note was delivered, if there were any, may, sometimes, become an important subject of inquiry. Like deeds, they can be delivered as escrows, to take effect only upon the happening of a certain event to be proved by parol. 1 Parsons on Notes and Bills, 51. But such proof must not go to the extent of varying the terms of a note absolute on its face, showing that though on its face, it was given for one purpose, yet in truth and in fact, it was given for a different purpose, but only such parol evidence as will go to impeach the consideration of the note, or show fraud in the transaction.

We believe the rule is well settled, that the maker of an absolute note cannot show against the payee, and, *a fortiori,* not against any indorsee, an oral contemporaneous agreement which makes the note payable on a contingency. 2 Parsons on Notes and Bills, 508, and cases cited in the notes.

The plaintiff in this case, held the bond and coupon note as

assignee of the railroad company, and assigned before due. His right of action, therefore, cannot be defeated by any such agreement as the defendant proposed to prove. Besides, the offer was not accompanied with the further offer to prove that the plaintiff knew these facts, when he took the assignment. In principle, it is identical with the case of *Lane* v. *Sharp*, 3 Scam. 572, where the defendant offered to prove, that if the land for which the note sued on was given should not be redeemed in two years, the note should be returned. The court held such proof inadmissible. To the same effect are the cases cited by counsel for appellee, of *Harlow* v. *Boswell*, 15 Ill. 57, and *Perry* v. *Graves*, 12 Ill. 288, and numerous other cases of the same import are referred to, in 2 Pars. on Notes and Bills, 508. It may be said, too, that such an agreement would be a fraud upon other stockholders. Honesty and fair dealing required that all subscriptions of stock should be real and not colorable. A secret agreement to release one set of subscribers, or one particular subscriber, would be unfair, and ought not to be enforced by a court of justice.

The fact that the assignee received this bond in payment of a pre-existing debt due him by the company, can make no difference in his rights to a recovery upon it. He is the assignee for a valuable consideration, and entitled to all the rights of such. Story on Promissory Notes, sec. 195; 2 Parsons on Notes and Bills, 218.

As to the point made on the assignment, that was not in issue. It was not denied in the mode prescribed by law. *Archer* v. *Bogue*, 3 Scam. 527; *McIntyre* v. *Preston*, 5 Gilm. 64; *Hudson* v. *Dickinson*, 12 Ill. 408.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*