# THE OTTAWA, OSWEGO & FOX RIVER VALLEY R. R. CO.
## v.
## LEVI N. HALL.

1. CONDITIONAL SUBSCRIPTION—DELIVERY IN ESCROW—NON-COMPLIANCE WITH CONDITIONS.—Appellee subscribed to the capital stock of appellant, and delivered such subscription to a director of the company, in *escrow*, not to be delivered to the company except on condition that the county of Kendall failed to vote a subscription to the company. *Held*, in the absence of proof, that Kendall county had failed to vote a subscription to the company, there was no delivery to the company, and no recovery could be had against appellee.

2. COUNTY SUBSCRIPTION ILLEGAL—EFFECT UPON APPELLEE'S RIGHTS.—The fact that the subscription voted by Kendall county was afterwards declared void by the courts, does not constitute such a failure as was contemplated in the conditional delivery of appellee's agreement. The fact remains that such subscription was voted by the county, and this was sufficient to relieve appellee from liability under the conditions of his subscription. He did not contract upon the basis of the final validity of the county subscription.

3. DELIVERY TO A DIRECTOR NOT A DELIVERY TO THE COMPANY.—If the person who received appellee's subscription did so upon condition that no delivery should be made to the corporation until the performance of certain conditions by the corporation, although he was a director therein, the corporation could acquire no right to the agreement until performance of the conditions under which it was delivered, no matter how it got possession thereof, unless there was a second delivery by consent of appellee.

4. DECLARATIONS RESPECTING CONTEMPORANEOUS SUBSCRIPTIONS.—It was not error to admit evidence of declarations made by the plaintiff

relating to other subscriptions without specifically designating to which one reference was made, it appearing that the subscriptions to which the declarations referred were all contained in the same book with that made by appellee were made at the same time, and sufficiently identical with that of appellee to be considered as a class of instruments and spoken of in general terms, especially when the party in interest had treated them all as of the same character, without any intimation that the one in suit varied from the others.

5. PAROL PROOF OF DELIVERY UPON CONDITIONS.—It is competent to show by parol that a written agreement was delivered, to take effect only upon certain conditions. Such proof is not admitted for the purpose of changing the terms of the written contract, but for the object of determining whether in fact it ever had an existence at all as a contract

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. E. N. LEWIS and Mr. H. T. GILBERT, for appellant; that the vote of Kendall county, authorizing a subscription to the corporation was invalid, cited Ryan v. Lynch, 68 Ill. 160; Miller v. Goodwin, 70 Ill. 659; Supervisors of Kendall county v. Post, 4 Otto, 260.

Delivery of the note to a director was a delivery to the corporation, and delivery as an *escrow* cannot be made to the payee: Braman v. Bingham, 26 N.Y. 490; Skinner v. Baker, 79 Ill. 496; Stone v. Duval, 77 Ill. 475; Neeley v. Lewis, 5 Gilm. 31.

A deed or other instrument cannot be delivered as an *escrow* to an agent or officer of the grantee, when the grantee is a corporation: Price v. P. Ft. W. & C. R. R. Co. 34 Ill. 13; Wight v. Shelby R. R. Co. 16 B. Mon. 5; Vicksburg, etc. R. R. Co. v. McKean, 12 La. An. 638; Thompson v. Candor, 60 Ill. 244; Moss v. Riddle, 5 Cranch, 351; Foy v. Blackstone, 31 Ill. 538; Truman v. McCollum, 20 Wis. 369; M. & T. P. Co. v. Stevens, 10 Ind. 1.

That parol proof of conditions under which delivery was made is not competent : State v. Perry, Wright, 662; Foy v. Blackstone, 31 Ill. 548; Hays v. O. O. & F. R. V. R. R. Co. 61 Ill. 422; Corwith v. Culver, 69 Ill. 502.

Against the admission of testimony relative to conditions in other subscriptions: Walker v. Crawford, 56 Ill. 444; Gage v. Lewis, 68 Ill. 604; Best on Ev. § 255.

Mr. CHARLES WHEATON, for appellee; that it is a question of intention whether or not a deed was delivered to the grantee to operate as a deed *in præsenti*, cited Braman v. Bingham, 26 N. Y. 492; Bowker v. Burdekin, 11 M. & W. 127; Fairbanks v. Metcalf, 8 Mass. 230; O'Kelly v. O'Nelly, 8 Met. 437; Thompson v. Candor, 60 Ill. 244; Brown v. Reynolds, 5 Sneed, 639; Hastings v. Vaughn, 5 Cal. 315.

A deed may be delivered to the agent of the grantee, for a special purpose, and the delivery not be an absolute one: Gilbert v. North Am. Ins. Co. 23 Wend. 45; 3 Washburn on Real Prop. 272; Southern Life Ins. Co. v. Cole, 4 Fla. 369; C. W. & L. R. R. Co. v. Iliff, 13 Ohio St. 235; Worrall v. Munn. 1 Selden, 229; Bibb v. Reid, 3 Ala. 88.

Delivery to be valid, must be with the consent of the grantor: 3 Washburn Real Prop. 272; Rhodes v. School Dist. 30 Me. 110.

Delivery of a deed before the happening of the condition, is no delivery: Stanley v. Valentine et al. 79 Ill. 544; Ill. Cent. R. R. Co. v. McCollough, 59 Ill. 166; Shirley v. Ayers, 14 Ohio, 308.

SIBLEY, P. J. This action was commenced by the O. O. & F. R. V. R. R. Co., for the use of Joseph Jackson against Levi N. Hall, upon the following instrument in writing:

"$200.                              OSWEGO, January 20th, 1868.

"For value received, I, L. N. Hall, of the town of Oswego, county of Kendall, State of Illinois, promise to pay to the Ottawa, Oswego & Fox River Valley Railroad Company, two hundred dollars, payable when the iron for said company's railroad is laid from Wenona, in the county of Marshall, in said State, to Oswego, Kendall Co., Ill., as follows: Twenty-five per cent. of said sum when the iron is so as aforesaid laid, and twenty-five per cent. every three months thereafter, until paid, with interest from and after the time the iron is laid as aforesaid, at the rate of ten per cent. per annum; provided, that if default be made in any payment as the same becomes due, the whole sum subscribed shall thereupon become immediately due and payable; or all payable when the iron is laid as aforesaid, at my option."

"When said sum of money is fully paid, the said Ottawa, Oswego & Fox River Valley Railroad Company hereby agree to deliver to the subscriber hereto, a certificate for a like amount of its capital stock, on demand.

"L. N. HALL.

"W. BUSHNELL, Pres.

"D. F. CAMERON, Sec'y."

The defendant denied the execution and delivery of the agreement, and that issue, on being submitted to a jury, was found in his favor.

The plaintiff from that finding and judgment appealed to this Court, and is here seeking a reversal on several grounds, which may be reduced to two or three. First in admitting on the part of the defendant what the plaintiff Jackson had said respecting the subscriptions obtained at Oswego made by other persons than the defendant.

It appeared that the appellee, Hall, who resided at that place, as well as many other citizens subscribed to the construction of the Railroad in a book used for that purpose. The terms of the subscription by these other parties were the same as that of Hall, and although the witnesses when testifying to what Jackson said in relation to those subscriptions, were unable to speak of the identical one in question distinct from the others, therefore it is urged, their testimony was erroneously admitted.

The Court, however, is of opinion that the subscription of Hall contained in the same book with the others, made at that place upon like conditions, was sufficiently identical with that of Hall to be considered as a class of instruments, and spoken of in general terms by witnesses without being specifically confined to the one in dispute. Especially when the party in interest had, himself, treated them all as of the same character without any intimation that the one in suit varied in the least from the others alluded to by the witnesses. That the testimony of witnesses should be restricted to the precise instrument in controversy, is not to be disputed. But when that instrument is intermingled with others of the same import, no injury could be sustained by the opposite party in allowing

witnesses to testify respecting them as a whole without being able to single out the particular one in question, since the same result must be produced in either case.

The principal question in the case was whether when Hall executed the subscription paper, he delivered it to an agent of the corporation to hold as an escrow only, and be passed over to his principal upon certain conditions said to be imposed, or whether a delivery to the director of the corporation was equivalent to a delivery to the company itself. The weight of the· evidence was clearly in favor of the position that Judson procured the subscription from Hall (although Jackson, the person for whose use the suit was brought, swears to the contrary), and that the contract of subscription was placed in Judson's hands, not to be delivered to the corporation except on condition that the county of Kendall failed to vote a subscription to the enterprise of $50,000, is equally well established by the evidence.

The question then recurs whether the subscription paper was delivered to Judson, and if so, whether that amounted to a delivery to the corporation.

Counsel have expended much learning upon this question, and there appears to be some conflict in the authorities on the question. After a careful consideration of the cases, without a lengthened review of them, we have arrived at the conclusion, that Judson, who from the evidence, appears to have taken and held the subscription paper, did not occupy such a position in the company's service as to prevent him from holding the contract of subscription as an escrow.

It should be observed that the cases deciding the delivery to an agent is in effect a delivery to the principal, are instances where the agent was authorized to transact the business for his principal. In this case, the proof is that Judson was a mere volunteer, having no authority from the company to receive subscriptions for the grading of the road.

Then, if under such a condition of things he could not hold the contract as an escrow, no other officer of the corporation could do so, even down to a common station agent.

In Price v. P. Ft. W. & C. R. R. Co. 34 Ill. 36, referred to

by appellant, the deed was delivered to the solicitor of the company, whose duty related to that branch of its business. But in that case, the condition upon which the deed was delivered had been complied with, and the real question decided was whether the deed took effect from the time of the first or second delivery. So in Wright v. Shelby R. R. Co. 16 B. Monroe 5, the strongest case for appellant referred to, where it was held a delivery to the agent amounted to a delivery to the corporation, the person who received the deed was appointed for the especial purpose of transacting that identical business for the benefit of the company.

But we should hesitate, even if called upon, to push the doctrine of constructive delivery to the grantee in a deed to the extent stated in the opinion delivered in that case.

This subject of the effect of a delivery in escrow, is, in many instances, governed by the intention of the grantor at the time of delivery, and here it is proper to remark that the question asked and the answer allowed, put to the witness Hall as to what his intention was when he delivered the agreement to Judson as the depositary, could not have produced any injury to the plaintiff. For the substance of his answer was simply that he intended to do just what the facts stated amounted to. Such was the only inference to be drawn from all the circumstances related by him, if he had not been permitted to answer the question.

Now what was actually done, and what was Hall's intention to do with the subscription paper? He says that he placed it in the hands of Judson to be held by him, and not to be delivered to the railroad company at all if the county of Kendall voted a subscription of $50,000 to aid in the construction of the road.

His testimony in that respect was more than corroborated by that of Judson, who (unlike Jackson, that contradicts them,) appears to be perfectly disinterested in the case. For Judson states that if the county voted a subscription of $50,000, or in case enough was procured otherwise to grade and tie the road, then the paper should be returned to Hall. If these were the conditions upon which Judson held the agreement, the corporation could

acquire no right to it until they had all been complied with—no matter how the company got possession of the contract—unless there had been a second delivery by consent of Hall (of which there is no pretense). What was the proof that the conditions attached to the delivery of the contract had been complied with, so as to vest the company with the right to bring suit upon it?

We look in vain through the record to find any such proof, except, perhaps, the fact that although the vote of the people of Kendall county took place as contemplated in favor of a subscription of $50,000, the law under which the proceedings were had was afterwards by the courts declared unconstitutional.

Therefore it is reasoned that there never was any valid subscription by the county of Kendall. It may not be impertinent to inquire what authority the parties have for interpolating into the contract the word *valid*.

Had not the person who executed the contract a right to attach such conditions to the delivery of it as he saw fit? and one of the conditions, as we have seen, was that if the vote to be taken in Kendall county was carried for the subscription, then Judson was to return the contract to Hall. No intimation that he was to wait to see if all the preliminaries of an election had been complied with, or the sale of the bonds negotiated, and the validity of the law under which they were issued tested. Such was not the contract of the parties, as stated by the witnesses; and are courts of law empowered to make one for them upon the equitable principle that the party executing it might, as a tax-payer, be relieved from aiding in the payment of these bonds, issued upon that invalid subscription?

Besides, from the evidence agreed upon contained in the cases mentioned as testimony, it appears that the Railroad Co. procured the bonds upon this subscription, and have sold and got the proceeds of them. Does it now lie in its mouth, to turn around and say the vote was a nullity, and no subscription was ever made by the county?

Then, again, if Judson tells the truth (and we do not feel disposed to say the jury had no right to believe him), the understanding between him and Hall at the time of the delivery

of the contract was, that even if the county of Kendall failed to vote the subscription of $50,000, provided enough was raised from other towns by subscriptions to grade and tie the road, then his contract was to be surrendered to him. Judson also testifies that many thousand dollars more than enough was procured for that purpose. If the contract was to be returned to Hall upon the happening of this last event, was not the evidence sufficient to authorize the jury to find it had transpired?

Moreover, the law is stated in 3 Wash. on Real Prop. 270, to be that "when a deed has been delivered as an escrow, it has no effect as a deed until the condition has been performed, and. no estate passes until the second delivery," and quite a number of authorities are referred to sustaining the doctrine of the text.

This rule may be subject to the exception where the intention of the grantor clearly appears to the contrary. There was, in this case, not only no second delivery, and no intimation to dispense with it, but according to the testimony of Judson (and we discover nothing in the record subjecting him to the imputation made by counsel), the corporation fraudulently obtained the possession of the contract which he held as the depositary.

Then, if the jury credited his testimony, what right had the company to recover upon a subscription thus obtained?

It is urged with some degree of earnestness that by this parol testimony, contrary to law, the terms of the written agreement were materially changed. A sufficient answer to that is, the verbal evidence was not admitted for the purpose of changing the terms of the written contract, but for the object of determining whether the contract had ever been delivered to the promisee, or whether it had any existence at all as a contract. If it had been delivered, no parol testimony before, or contemporaneous to its execution upon the subject, could have been admitted.

But that oral evidence is not admissible to show the condition upon which an instrument in writing is held in escrow, is

a position unsustained by any respectable authority.   Perceiving no substantial error in the case, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

LELAND, J., having tried this cause in the Circuit Court, took no part in the decision.