# EDGAR G. BAUM

## v.

# CHARLES L. PARKHURST.

*Insurance—Renewal Receipt—Delivery—Condition—Evidence—Admissibility—Parol Evidence—Action by Agent to Recover Premium—Escrow—Parties.*

1. A simple contract may be delivered as an escrow, but not directly to the promisee to be so held by him.

2. Parol evidence is inadmissible to show that a renewal receipt or extension of a policy of insurance absolute in terms and delivered to the insured, was merely a conditional contract.

3. An agent of the insurance company who has countersigned such receipt to give it validity, and has himself paid the premium to the company at the request of the insured, may maintain an action in his own name to recover the amount so paid.

4. In an action by the agent of an insurance company in his own name to recover a premium claimed on account of a renewal receipt extending the defendant's policy of insurance, it is *held:* That evidence to show payment of the premium to the insurance company by the plaintiff was improperly excluded; and that parol evidence to show that the delivery of the renewal receipt to the defendant was conditional, was improperly admitted.

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Whiteside County; the Hon. JOHN V. EUSTACE, Judge, presiding.

Mr. J. D. ANDREWS, for appellant.

Mr. F. D. RAMSAY, for appellee.

BAKER, J. Baum, appellant here and plaintiff below, was agent of the Phœnix Insurance Company of Brooklyn, New York, and Parkhurst, appellee here and defendant below, had on his property a policy of insurance in said company which expired on the 16th day of January, 1885. Some eight days prior to said date the former delivered to the latter the

Baum v. Parkhurst.

renewal receipt of the company countersigned by himself as agent, acknowledging the receipt of $35 premium on $2,000 insurance under the policy and in express terms continuing in force such policy and insurance for the period of one year and until the 16th day of January, 1886, at noon. It is a conceded fact that the $35 was not paid to the agent, or any part of it; and this suit was by appellant against appellee to recover said $35. The case was tried in the Circuit Court before a jury, on appeal from a Justice of the Peace, and the verdict and judgment were for appellee.

Appellant testified at the trial that when he handed the renewal receipt to appellee the latter said he did not have the money then, but would send it to him within thirty days; that he told appellee that at the end of the month he would have to settle with the company and that appellee replied: "Well, you may settle with them and I will send you the money or note within thirty days." Thereupon, the court refused to permit appellant to testify that at the end of the month he had actually paid the money to the insurance company. This action of the court was clearly erroneous. The proffered evidence was competent testimony, considered in connection with that above mentioned, of money paid, laid out and expended for appellee at his request. Without such testimony, or proof of some usage or custom from which an implied request could be found, the right of recovery in this case, if any there be, is in the insurance company and not in appellant.

If the contract evidenced by the renewal receipt was an absolute contract of insurance as between the insurance company and appellee, and the premium of $35 was paid by appellant to the company for appellee and at his request, either expressed or implied, then it would seem to follow that appellant has a just cause of action against appellee. The question, therefore, whether the contract of renewal made between the latter and the company was an absolute contract or merely a conditional contract had a very important bearing upon the legal rights of appellant involved in this suit.

The court permitted evidence to be introduced for the pur-

pose of showing that the renewal receipt was delivered to appellee and taken and retained by him upon the express condition that it was to extend his policy and be paid for only in case one Patrick, who was also an insurance agent, would not give appellee the same rates of insurance as those given by the Phœnix policy. The court erred in overruling the objections to the introduction of this testimony. The renewal receipt was handed to appellee and he kept it and made no offer to return it until after the commencement of this suit. The contract of renewal contained therein was absolute in its terms; and had the property thereby been destroyed by fire after the expiration of the time limited in the original policy the insurance company would have been legally liable to pay the loss thereby occasioned, notwithstanding the fact the agent had delivered the receipt without having actually received the premium. To allow appellee to show by oral testimony that the delivery of the instrument was not absolute but conditional only, was to permit him to change the terms of the written contract by parol. The conditional delivery of a deed or instrument in writing which is not to be operative or take effect as an absolute delivery until certain conditions shall be performed, is a delivery in escrow. The delivery of the renewal receipt to appellee was not in escrow, for he was a party to the contract witnessed thereby, and an escrow can be delivered only to a stranger or third person and not to a party to such contract. The receipt was not handed to appellee merely for some temporary purpose, such as an examination of its contents, for according to the theory of the evidence of appellee himself the delivery was not in furtherance of some transient and temporary end, but was conditional and to become absolute in case Patrick would not give him the same rates of insurance. Upon the delivery and acceptance of the receipt the contract of renewal contained therein and created thereby became an absolute contract binding upon both parties and to show the obligation of the contract was to take effect conditionally only, was inconsistent itself and was changing the plain provisions of a written contract by oral testimony. Ward v. Lewis, 4 Pick. 518, 520.

So far as the instrument purported to pass a right or evidence a contract, it was conclusive upon the parties. McCrea v. Purmont, 16 Wend. 460, 473; Stone v. Duvall, 77 Ill. 475.

It is urged by appellee that the paper involved in this case was not under seal and was not a deed, and that, therefore, the law that a deed can not be delivered in escrow to a contracting party has no application here. The law of escrows is not confined to sealed instruments. A promissory note or other simple contract in writing, as well as a deed, may be delivered as an escrow and the law of escrows is substantially the same in both cases, and such note or contract can not be delivered directly to the promisee to be held by him as an escrow. 1 Parsons on Notes and Bills, 51; Worrall v. Munn, 5 N. Y. 229, 238; Foy v. Blackstone, 31 Ill. 538; O., O. & F. R. V. R. R. Co. v. Hall, 1 Ill. App. 612.

It is also claimed by appellee that the renewal receipt in question was a receipt for money, and that parol or other extraneous evidence is admissible to explain, vary, or even contradict a receipt for money. But the writing is more than a mere receipt for money, it is the evidence of a contract and passes a substantial legal right. The rule is that an instrument in writing, so far as it transfers, vests or extinguishes any legal right or is evidence of a contract, can not be contradicted by oral testimony; but so far as it is a simple receipt acknowledging the payment of money, it is susceptible of explanation, and is liable to contradiction by witnesses. In this case the contract of renewal embodied in the writing amounts to full proof of such contract, and concludes the parties to it. At the same time, it is open to explanation in respect to the consideration clause, except that it estops the insurance company from claiming that the contract was without consideration.

It is further objected that this suit is not between the parties to the receipt; that the contract of renewal was between the insurance company and appellee, and that the litigation is against the latter by appellant, who was a mere agent of the company, in his individual right. We are unable to see that

this circumstance makes any substantial difference in respect to the rights here in controversy. The writing, by its terms, was not to be binding upon the company until it was countersigned by appellant, and he countersigned it and delivered it to appellee, and thereby rendered himself liable to the company for the premium. If appellant, at the request of appellee, and having received a promise from him of re-payment, afterward paid the premium to the company, and if the contract of renewal was an absolute, valid and binding contract as between the company and appellee, then it would seem it should in justice be regarded as an absolute contract in a suit brought by appellant against appellee for money paid, laid out and expended for his use and at his request.

The renewal receipt was effective to keep in force the insurance of appellee in the Phœnix Insurance Company from and after the 16th day of January, 1885. On the 7th day of February following, he applied to and obtained from Patrick insurance in another company, at the same rates asked by the Phœnix. On the 12th day of March, 1885, appellant made demand for the premium of $35, but payment of the same was refused. Two days thereafter, appellant made an alternative demand, either that the $35 should be paid, or that the renewal receipt should be returned and payment made for the time the policy had been in force, since January 16th; but appellee neglected and refused to comply with either of these requests. Appellee never returned, or offered to return, the renewal receipt to appellant, but after this suit was brought, and upon the trial before the Justice of the Peace, he handed it to the Justice, who attached it to the papers in the case. For the errors indicated herein, the judgment is reversed and the cause remanded.

*Reversed and remanded.*