## John J. Ryan and John J. Hayes v. Ernest W. Cooke, Surviving Partner.

1. ESCROW—*Simple Contracts May be Delivered in.*—A simple contract in writing as well as a deed may be delivered as an escrow, and the law of escrow is substantially the same in both cases, but such contract can not be delivered directly to the promisee to be held by him as an escrow.

2. PAROL EVIDENCE—*Not Admissible to Show that a Delivery of a Deed was Conditional.*—The rule excluding parol evidence to show that a delivery of a deed to a grantee was upon condition, applies only to deeds which upon their face are complete contracts, requiring nothing but delivery to make them perfect contracts.

3. Same—*When Admissible to Show that a Delivery was Conditional.* —If a deed is handed to the grantee for the mere purpose of examination, such will not exclude parol evidence to show that the deed was never completely executed or delivered as a completed contract.

Assumpsit.—Breach of contract. Appeal from the Superior Court of Cook County; the Hon. William G. Ewing, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

English & Hefferan, attorneys for appellants; T. A. Moran, of counsel.

Aldrich, Reed, Foster & Allen, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

This action was based upon an alleged breach in failing to manufacture the burners and measuring apparatus for street lamps by a certain alleged contract agreed to be manufactured. The defense was that the agreement never became binding upon the parties to it; that it was conditionally delivered and not to be binding upon the parties unless the defendants obtained a contract from the city of Chicago.

Upon the examination of defendant John J. Ryan, he was asked a question with reference to the conversation that took place prior to the execution of the contract. The question was objected to. Counsel for appellants stated that what he sought to bring out, was, the conversation in regard to its delivery that was had before the making of the written contract. The objection was sustained. Counsel then made the following offer in behalf of the defendants below, appellants here:

" I now offer to prove by this witness that the contract offered in evidence by the plaintiff was signed by the parties to it on the express understanding and agreement, between said parties, that it was not to become operative unless the defendants obtained a certain other contract from the city of Chicago, and that they never obtained such other contract from the city."

Objections made to the offer were sustained by the court.

In McCann v. Atherton, 106 Ill. 31, the Supreme Court of this State, passing upon the question of an alleged conditional delivery of a conveyance of land, said: "The rule of law on this subject is, that a deed, or any other sealed instrument, can not be delivered to the grantee or obligee himself as an escrow, to take effect upon a condition not appearing on the face of such deed or other instrument. The delivery must be made to a stranger, otherwise the deed or other instrument becomes absolute at law."

Counsel for appellee concede that such is the rule with respect to instruments that are necessarily under seal, insisting that the rule is confined to such deeds and does not apply to instruments which have been sealed as a mere matter of choice.

Attention is called to the case of Blewitt v. Boorum et al., 14 N. Y. Supplement 298, in which this distinction was taken, and applied to a sealed contract conveying a right to manufacture, etc., under a patent.

In Baum v. Parkhurst, 26 Ill. App. 128, the question being as to the effect of the delivery of a renewal insurance receipt, the court, Baker, J., said: "To allow appellee to show by oral testimony that the delivery of the instrument was not absolute, but conditional only, was to permit him to change the terms of the written contract by parol. The conditional delivery of a deed or instrument in writing which is not to be operative or take effect as an absolute delivery until certain conditions shall be performed, is a delivery in escrow. The delivery of the renewal receipt to appellee was not in escrow, for he was a party to the contract witnessed thereby, and an escrow can be delivered only to a stranger or a third person, and not to a party to such contract. * * * Upon the delivery and acceptance of the receipt, the contract of renewal contained therein and created thereby became an absolute contract, binding upon both parties, and to show the obligation of the contract was to take effect conditionally only was inconsistent itself, and was changing the plain provisions

of a written contract by oral testimony.   Ward v. Lewis, 4 Pick. 518.

\* \* \*   It is urged by appellee that the paper involved in this case was not under seal and was not a deed, and that therefore the law that a deed can not be delivered in escrow to a contracting party, has no application here.   The law of escrow is not confined to sealed instruments.   A promissory note or other simple contract in writing, as well as a deed, may be delivered as an escrow, and the law of escrow is substantially the same in both cases, and such note or contract can not be delivered directly to the promisee to be held by him as an escrow.   1 Parsons on Notes and Bills, 51; Worrall v. Munn, 5 N. Y. 229; Foy v. Blackstone, 31 Ill. 538; O., O. & F. R. V. R. R. Co. v. Hall, 1 Ill. App. 612."

In Moss v. Riddle & Co., 5 Cranch, 351, the court, Marshall, C. J., said :   "It is admitted by the counsel in this case, that a bond can not be delivered to the obligee as an escrow.   But it is contended that where there are several obligees constituting a copartnership, it may be delivered as an escrow to one of the firm.   The court, however, is of opinion that a delivery to one is a delivery to all."

In 5 Am. & Eng. Ency. of Law, p. 450, the rule is thus announced :   " In order to be an escrow, it must be delivered to a stranger; nothing but an absolute delivery can be made directly to the grantee."

In the same work, Vol. 6, p. 858, it is said :   " A deed or other instrument can not be delivered to the grantee or obligee as an escrow, to take effect on a condition not appearing on its face.   In order to operate as an escrow, the delivery must be made to a stranger (one not a party), otherwise the deed or other instrument will become absolute at law, and parol evidence of conditions qualifying it is inadmissible."

The rule excluding parol evidence to show that a delivery of a deed to a grantee was upon condition only, applies only to deeds which, upon their face, are complete contracts, requiring nothing but delivery to make them perfect contracts.

If a deed is handed to the grantee named therein for the mere purpose of examination, such delivery will not exclude parol evidence to show that the instrument was never completely executed, and was never handed over as a completed contract. Dietz v. Parish, 53 Howard's Pr. Reports, 217; Cooks v. Barker, 49 N. Y. 107; Brackett v. Barney, 28 N. Y. 341.

As to the relief that may be afforded by a court of equity, in a case of conditional delivery, see Flagg v. Mann, 2 Sumner (U. S.), 486.

In the present instance, according to the contention of appellants, the deed delivered was a contract that if appellants made certain arrangements with the city of Chicago, the deed would be a binding obligation; in other words, it was by its delivery made a contract which neither party could have revoked, and which would have been binding upon each had appellants obtained their expected agreement with the city of Chicago.

The contention of appellants is, really, that they should be allowed to introduce evidence to show in contradiction of its terms to what extent the deed was a contract, not that by a conditional delivery to a party it was no contract at all.

The evidence offered was properly excluded, and the judgment of the Superior Court is affirmed.

SHEPARD, P. J., and GARY, J.

We concur in the result, but not in what is quoted as to delivery upon condition of unsealed instruments.