## William J. Forbis v. Reeves & Co.

1. CONTRACTS—*Written Contracts Can Not Be Delivered in Escrow to Take Effect on a Condition.*—A contract in writing can not be delivered in escrow to the other party to take effect on a condition resting in parol and not appearing on the face of the instrument.

2. PRACTICE—*Recoupment May Be Shown Under the General Issue.*—Matter of recoupment may be shown under the general issue.

3. PRINCIPAL AND AGENT—*Principal Bound Only by Acts of Agent Within the Scope of His Agency.*—The principal is bound only by the promises of his agent which come within the scope of the agency.

Assumpsit.—Appeal from the Circuit Court of Logan County; the Hon. COLOSTIN D. MYERS, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

KING & MILLER and BALDWIN & STRINGER, attorneys for appellant.

HUMPHREY & ANDERSON, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $300, recovered by appellee in a suit against appellant based upon a written order for a threshing machine outfit, shipped by appellee to appellant at Lincoln, Illinois. It is not denied that appellant made the order, but he refused to accept the machine upon the ground that he countermanded the order because of the failure of appellee's agent to procure for him a certain threshing route which he had undertaken to do and which was made the basis on which the order was obtained. He sought to interpose as a defense his right to countermand the order by pleas setting up that the order

was executed and delivered to appellee with the express understanding that the same should not be of binding force until the threshing route had been procured and that the same never was procured. As the order was treated in the declaration as a written agreement and one on which the action was based, the court properly sustained demurrers to the pleas. A contract in writing can not be delivered in escrow to the other party to take effect on a condition resting in parol and not appearing on the face of the instrument. McCann v. Atherton, 106 Ill. 31; Foy v. Blackstone, 31 Ill. 538; Ryan v. Cooke, 68 Ill. App. 592. The defendant also filed a plea of recoupment in which he alleged that as a consideration for the execution of the written contract sued on, the plaintiff agreed to secure for the defendant the work of threshing the grain of five farmers named; that the plaintiff had failed therein and that there had accrued to the defendant thereby damages which he offered to recoup against the claims set forth in the declaration. This was a good plea and the court erred in sustaining a demurrer to it. It was harmless error, however, as matter of recoupment may be shown under the general issue. Higgins v. Lee, 16 Ill. 495; Babcock v. Trice, 18 Ill. 420; Wadhams v. Swan, 109 Ill. 46; Tully v. Iron Works, 115 Ill. 544. Indeed, evidence was heard with reference to the alleged agreement to procure the threshing of the parties named and the subsequent failure to get it. It is not claimed that there was any other agreement to procure the threshing except that made by J. W. Felter, who at one time acted as the soliciting agent for appellee. To procure from farmers threshing contracts for parties buying machines did not fall within the general scope of his employment. It is a familiar rule of law that the principal is bound only by the promises of his agent which come within the scope of the agency.

As we view the case, there was a clear right in appellee to recover, and the judgment will be affirmed.