In re Estate of John P. Mancini, Deceased.
Antoinette Mancini, Appellee, v. Michele Giannini, Executor of the Last Will and Testament of John Mancini, Deceased, Appellant.

## Gen. No. 31,850.

1. ESCROW—*depositary distinguished from agent.* One who is directed by the maker of a promissory note to take and hold it until the maker's death, and then deliver it to the payee, is a depositary of the note, holding it in escrow and not as mere agent to deliver, whose authority ends with the maker's death.

2. ESCROW—*note as subject to.* The term "escrow," although usually applied to deeds, is equally applicable to a promissory note given to a depositary to hold until the maker's death before delivery to the payee.

3. ESCROW—*admissibility of directions and admissions of promisor.* The directions given by the maker of a note to the one to whom he handed it, that the latter should hold the note until the maker's death and then deliver it to the payee, and also the admissions of the maker as to his object in making and delivering the note, are admissible in an action by the payee after the maker's death to collect the note from the maker's estate.

Appeal by defendant from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 4, 1927.

S. T. SUTTON and MEIER & POORMAN, for appellant.

PAYTON J. TUOHY, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On March 2, 1925, Antoinette Mancini filed a claim in the probate court of Cook county against the estate of her deceased husband, John P. Mancini, who died testate in said county on November 7, 1924. Letters testamentary had been issued to Michele Giannini, the executor named in the will and the stepfather of the deceased. The claim was based upon Mancini's promissory note, date October 28, 1924, and duly executed in his lifetime, wherein he promised to pay on demand $5,000, to the order of Antoinette Mancini, for value received, without interest, at the office of M. Giannini, Chicago Heights, Illinois. Such proceedings were had in the probate court that, on January 22, 1926, it was ordered that the claim be allowed against said estate for $5,000, as of class No. 6, to be paid in due course of administration. Michele Giannini, as executor, etc., perfected an appeal to the circuit court where, after a trial *de novo* without a jury, the court, on October 27, 1926, found the issues in favor of the claimant, assessed her damages at $5,000, and entered judgment against said Giannini, as executor, etc., for that amount, to be paid in due course of administration. The present appeal followed.

On the trial the note was admitted in evidence. No question as to its consideration was raised, but it was contended that there had been no valid delivery of it. The claimant called two witnesses, said Michele

Giannini and Hilda Madson, a trained nurse in a hospital in Chicago Heights, and they were examined and cross-examined. No witnesses were called by the executor. The facts disclosed are in substance as follows: Mancini, suffering from an abcess of his right lung, was confined in the hospital for about five weeks. About three weeks before his death an operation was performed upon him. His stepfather, Giannini, was accustomed to come to the hospital nearly every day to see him. On October 27, 1924, he executed his last will, which was afterwards probated, and to which said nurse was one of the witnesses. The will is not contained in the present transcript, but it appears that, while he made some provisions therein for his wife, Antoinette Mancini, the chief beneficiary was Giannini. On October 28, 1924, he caused the note in question to be drafted, signed it at the hospital in the presence of Giannini and the nurse, and gave it to Giannini. He (Giannini) testified through an interpreter that, when he was given the note, John Mancini said, "I should put it in my pocket, and when the time comes I should take it out and give it to her"; that two or three days after Mancini's death he (Giannini) delivered the note to Antoinette Mancini; that when he did so he said to her that "Johnny gave me the note, and said that when it was time for me to take it out I should do it," and that "I had to give it to her"; that he never told Antoinette Mancini anything about the note until after John's death; and that John never said anything further to him about the note after he executed it. Hilda Madson, the nurse, testified that Mancini signed the note in her and Giannini's presence; that Mancini said to Giannini "I want you to hold this for Antoinette; in case I die, see that she gets it"; that Giannini put the note in his pocket and shortly thereafter went away; and that just after the note was signed Mancini said to her: "I fixed my

wife, I gave her some more money; I think she deserves it as she has worked so hard in the store for six years.''

Counsel for the executor of the estate here contend that the court erred in allowing plaintiff's claim, based upon said note, against the estate, and in entering the judgment. And practically the only argument they make in support of the contention is, in substance, that Giannini was the mere agent of Mancini to deliver the note to the claimant and, Mancini having died before such delivery, the agency was revoked, and, when Giannini did deliver the note after said death, no title thereto passed to the claimant. In view of the undisputed evidence we cannot agree with the contention or the argument. We regard Giannini, not as Mancini's mere agent but as a depositary or trustee of the note, in escrow, with directions to deliver it to the payee (the claimant) in case of Mancini's death. In 21 C. J. 865, an escrow is defined to be ''a written instrument, which by its terms imports a legal obligation, deposited by the grantor, promisor, or obligor, or his agent with a stranger or third person, who is not a party to the instrument, to be kept by the depositary until the performance of a condition or the happening of a certain event and then to be delivered over to take effect.'' Substantially the same definition is found in *Main v. Pratt*, 276 Ill. 218, 224, where it is also stated that ''the term 'escrow,' though usually applied to deeds, is equally applicable to all written instruments.'' In *Baum v. Parkhurst*, 26 Ill. App. 128, 131, it is said: ''A promissory note or other simple contract in writing, as well as a deed, may be *delivered* as an escrow and the law of escrows is substantially the same in both cases.'' (See, also, 1 Parsons on Notes and Bills [2nd Ed.], p. 51; 1 Daniel on Negotiable Instruments [6th Ed.], sec. 68; *Foy v. Blackstone*, 31 Ill. 538, 541.) Mr. Daniel in the cited section says: ''A bill or note  *  *  *  may be *delivered* as an escrow

—that is, delivered to a third party (but not to the payee) to hold until a certain event happens, or certain conditions are complied with—and then the liability of the party commences as soon as the event happens or the conditions are fulfilled, without actual delivery by the depositary to the promisee, * * * and it matters not that the actual delivery is not designed to take place until after the death of the promisor; the instrument, whether negotiable or otherwise, is nevertheless valid.'' In a note under said section the author says in part: ''If the maker of a note delivered it to a third person, to be held by him and delivered to the payee on condition that the maker died without recalling it, the happening of the condition left the holder with authority to deliver it to the payee and thereby to give him a good title.'' (Citing *Daggett v. Simonds,* 173 Mass. 340.) In said *Daggett* case it is also decided in substance that, in an action by the payee against the executor of the will of the maker of a promissory note, delivered by the testator to a person in his employ and by the latter delivered to the payee after the maker's death, evidence of directions given by the testator when he handed the note to his servant is competent on the question of *delivery,* as is also evidence of admissions by the testator upon that subject.

Under the evidence and the authorities above referred to, our conclusion is that the judgment of the circuit court was right and should be affirmed, and it is so ordered.

*Affirmed.*

BARNES, P. J., and WELLS, J., concur.