John J. Cocks, Respondent, *v.* Charles Barker et al., Appellants.

A recital in a bond given by one copartner to another, upon dissolution of the copartnership, setting forth as the consideration therefor the transfer and delivery by the obligee to his former partner of the assets of the firm, is a substantive part of the agreement, and cannot be varied or contradicted by parol evidence. Where a bond is delivered to the obligee. or his agent, it cannot be shown by parol that it was delivered as in escrow.

(Argued March 27, 1872; decided April 2, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the decision of the court at Special Term.

The action was brought upon a bond of which the following is a copy:

"Know all men by these presents that we, Charles Barker and Samuel P. Barker, of the city of Brooklyn, are held and

firmly bound unto John J. Cocks of said city in the sum of $5,000, for which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals. Dated 17th day of January, 1868.

" Whereas, one John A. G. Barker and the said John J. Cocks entered into articles of copartnership bearing date December 31, 1866 ; and, whereas, said copartnership was dissolved by the mutual consent of the partners thereto on the second day of January, 1868 ; and, whereas, certain assets of said late firm of Barker & Cocks, consisting of book accounts and merchandise, have been transferred to said John A. G. Barker for collection and sale ;

" Now, therefore, the condition of this obligation is such that, if the said John A. G. Barker shall, from time to time, pay over to the said John J. Cocks, as the same shall be collected by him, the amounts which he, the said John J. Cocks, shall be entitled to receive from the collection of said book accounts and from the sale of said merchandise ; and shall, upon the final adjustment and settlement of all matters appertaining to said copartnership, render a full and true account thereof to said Cocks, and pay over to him such sums as he may be entitled to receive, then this obligation shall be void and of no effect ; otherwise, to remain in full force and virtue.

" CHARLES BARKER.   [L. s.]<br>
" S. P. BARKER."      [L. s.]

Defendants alleged that the bond was given upon the agreement of plaintiff to deliver over to his former partner the books of the firm, and not in consideration of the transfer of the firm assets.

The facts sufficiently appear in the opinion.

*John H. Bergen* for the appellants. It was competent to show no consideration or a different consideration for the bond. (See vol. 2, Edmonds' Ed. Rev. Stat., p. 423 ; *Bingham* v. *Weidermax*, 1 Coms., 509 ; *Wilson* v. *Baptist Society*, 10 Barb., op. at p. 312 ; *McCrea* v. *Purmort*, 16 Wend., 460,

op. at p. 476; *Davenport* v. *Mason*, 15 Mass. R., 90; *McDougall* v. *Fogg*, 2 Bosw., 387; *Johnson* v. *Titus*, 2 Hill, 606.) It was competent to show that plaintiff was never rightfully in possession of bond, and that its delivery was induced by fraud. (*Boyce Ex'rs* v. *Grundy*, 219; *Fanchot* v. *Leach*, 5 Cow., 506.) There is no delivery without intent to deliver. (*Ford* v. *James*, 4 Keyes, 300.) There was no consideration for the bond. (*Parmalee* v. *Thompson*, 45 N. Y., 58.)

*George W. Parsons* for the respondent. The sole question is, whether the final agreement is valid or not. (*Fry* v. *Bennett*, 5 Sand., 54; *Corning* v. *Meir*, 2 E. D. Smith, 314.) Other facts stated in complaint were immaterial, and not necessary to be proven. (Code, § 168; *Oechs* v. *Cook*, 3 Duer, 161.) The terms and condition of the bond could not be varied by parol evidence. (See 1 Greenl. on Ev., §§ 275, 276, 281, and cases cited in notes; *Peacock* v. *Monk*, 1 Ves., Sr., 128; *Woodbridge* v. *Spooner*, 3 B. & A., 233; *Smith* v. *Battaras*, 26 L. J. Exch., 232; *Hovey* v. *American Ins. Co.*, 2 Duer, 554; *Devlin* v. *The Mayor, etc.*, 4 id., 337; *Cleves* v. *Willoughby*, 7 Hill, 83; *Schermerhorn* v. *Vanderheyden*, 1 Johns., 139; *Maigley* v. *Haner*, 7 id., 341; *Winchell* v. *Latham*, 6 Cow., 690; *Wells* v. *Baldwin*, 18 Johns., 45; *Sherman* v. *The Mayor, etc.*, 1 Comst., 316; *McCrea* v. *Purmort*, 16 Wend., 473; *McCurtie* v. *Stevens*, 13 id., 527; *Grout* v. *Townsend*, 2 Denio, 336; *Armstrong* v. *Munday*, 5 id., 166; *Lamatt* v. *The Hudson R. Fire Ins. Co.*, 17 N. Y., 199; *Durgin* v. *Ireland*, 14 id. [4 Kern.], 322, and note; *Fitzhugh* v. *Winans*, 9 id., 559; *Worrall* v. *Munn*, 5 id., 229; *Gridley* v. *Dole*, 4 Com., 486; *Webb* v. *Rice*, 6 Hill, 289; 2 Ker., 561, 566; 1 Peters, 600; 6 id., 59; 31 Barb., 267; 30 N. Y., 493; 5 Duer, 202.) Nor can parol evidence be used to show that it was delivered on any conditions. (4 Pick., 520; 8 Mass., 238; 23 Wend., 54; 5 N. Y. [1 Seld.], 229.)

Allen, J. The bond upon its face discloses the consideration upon and for which it was given. The transfer and delivery by the plaintiff, to his former partner, of the effects of the firm for collection and sale, is in substance declared by the recital to have been the actual, as it was a reasonable and sufficient consideration, for the bond conditioned for an accounting by that partner, and the payment to the plaintiff of all sums to which he should be entitled from the avails of such effects.

It was not competent for the defendants to vary or contradict this recital by parol evidence. It was a substantive part of the agreement, and not like the consideration clause of a conveyance or other instrument, which may within certain limits be explained and varied by parol. (*Renard* v. *Sampson*, 2 Kern., 561 ; *Halliday* v. *Hart*, 30 N. Y., 474.) Neither could the delivery of the bond be shown by parol as in escrow, or conditional. It was delivered to the agent of the plaintiff, which was of the same effect as if delivered to the plaintiff in person. If a deed is delivered to the party or his agent, and not to a stranger, it is absolute, and parol evidence of conditions qualifying the delivery is inadmissible. (*Worrall* v. *Munn*, 1 Seld., 229 ; *Gilbert* v. *N. Am. F. Ins. Co.*, 23 W. R., 43.) The defendants in effect admit by their answer the absolute delivery of the bond, but allege that it was in consideration that the plaintiff should deliver to the obligors or their principal the books of the firm of Barker & Cocks. As a condition, it could not within the authorities be alleged to defeat the delivery and the validity of the bond. But the judge at Special Term has found adversely to the allegations of the answer, and the evidence did not establish an agreement to deliver the books. The defendants were allowed to give in evidence all that passed between the parties on that subject, and it was clearly insufficient to prove that the bond was given upon any other or different consideration than that expressed in the recital. Questions asking for the conclusions of the witness, rather than for facts, were excluded, and properly so. The witness had stated all

that had taken place, and the negotiation of the parties prior to the execution of the bond, and from the facts as proved, it was the province of the court to determine, so far as the question was open for consideration, whether the delivery of the books was the sole consideration of the bond. The court excluded evidence of what the plaintiff's agent said at the time of the delivery of the bond, but afterward it was proved without objection. The evidence was not competent. The only effect that could be claimed from it was either to vary the condition of the obligation, or prove that the delivery was conditional, and neither was admissible.

It was not claimed that the non-delivery of the books in any way affected the ability of the principal to perform the condition of the bond, or that the defendants or their principal lost anything, or were in any manner embarrassed by reason of such non-delivery. There was no claim for equitable relief on the ground of fraud or mistake, and no foundation for such relief in the evidence. There was no equity in the defence attempted to be set up, if it had been proved, entitling the defendants to relief of any kind against their legal liability.

The judgment must be affirmed.

ALLEN, J., reads for affirmance.

All agree.

Judgment affirmed.