WILLIAM L. McCANN

v.

PRUDENCE ATHERTON et al.

*Filed at Springfield March 29, 1883.*

1. WITNESS—*competency of one in interest against one defending as heir.* Where a person, long after the execution and delivery of a deed for land, makes a second conveyance of the same premises to another, who files a bill against the heirs of the prior grantee to have the first deed set aside, on the ground it was delivered on conditions which were never performed, and the bill is brought for the mutual benefit of the second grantee and the grantor, the latter is not a competent witness for the complainant against the heirs of the prior grantee, to prove the grounds on which the first deed is sought to be avoided.

2. ESTOPPEL—*statements to strangers—as affecting right to assert title.* Casual statements made by a grantee of land long after his deed has been recorded, concerning the transaction, to persons having no interest in the land, can not operate by way of estoppel to prevent the assertion of the truth thereafter by him, or by his heirs after his death.

3. DELIVERY OF DEED—*delivery to grantee as an escrow.* A deed or other sealed instrument can not be delivered to the grantee or obligee as an escrow, to take effect upon a condition not appearing on its face. In order to operate as an *escrow* the delivery must be made to a stranger, otherwise the deed or other instrument will become absolute at law.

4. SAME—*presumption of delivery from possession of the deed by the grantee.* Where a deed duly executed is found in the hands of the grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption.

5. Where a deed was duly executed and acknowledged in June, 1867, and recorded in a few days thereafter, on bill filed to annul and cancel the same, in 1882, all the parties having resided in the same county where the land is situated during the intervening time, the court will not set aside such deed except for the clearest and most satisfactory reasons. In such case casual statements made by the grantee to strangers to the title, and to persons having no interest in the land conveyed, are insufficient to warrant a decree annulling the deed.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. Ira J. Bloomfield, for the appellant:

The defendant Amos Rutledge was a competent witness in behalf of the complainant, the adverse party, when called by him. *Rann et al.* v. *Rann*, 95 Ill. 433; *Caprez* v. *Trover*, 96 id. 456.

All parties are competent witnesses in partition proceedings, because it is immaterial whether they derive title through purchase or descent. *Pigg* v. *Carroll*, 89 Ill. 205; *Mueller* v. *Rebhan*, 94 id. 142; *Kershaw* v. *Kershaw*, 102 id. 307.

The circuit court erred in excluding the evidence of the defendant Amos Rutledge, for, considering it and giving it proper weight, the decree must have been for complainant.

The deed of Amos Rutledge only being given to Dickerson to get his wife's signature, did not become operative. Placing it in the hands of the grantee for that purpose only, did not constitute a delivery of the deed. 2 Washburn on Real Prop. 612, sec. 47; *Fraser* v. *Davis*, 2 S. C. 56.

Mr. E. M. Prince, Mr. A. G. Karr, and Messrs. Rowell & Hamilton, for the appellees:

The recording of a deed affords *prima facie* evidence of its delivery. *Himes* v. *Keighblinger*, 14 Ill. 469; *Warren* v. *Town of Jacksonville*, 15 id. 236.

Where a deed duly executed is found in the hands of the grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption. The unsupported evidence of the grantor, some fifteen or twenty years after the date of the deed, can not be received to rebut such presumption. *Tunison* v. *Chamblin*, 88 Ill. 379; *Reed* v. *Douthitt*, 62 id. 348.

A person who is a necessary party to a bill, and who, if a party, would not be competent to testify as against parties defending as heirs, falls within the meaning of the statute, and will be treated as incompetent the same as if he were a

party to the suit.    While both parties to a transaction are living they are upon a perfect equality, and can each testify. When one is dead the other is not permitted to give evidence, and thus take advantage of the heirs of the deceased, who are wholly ignorant of the facts.    *Alexander* v. *Hoffman,* 70 Ill. 115;  *Pyle* v. *Oustatt,* 92 id. 215;  *Mahoney* v. *Mahoney,* 65 id. 406;  *Merrill* v. *Atkins,* 59 id. 20;  *Ruckman* v. *Alwood,* 71 id. 155;  *Fisher* v. *Fisher,* 54 id. 235;  Rev. Stat. sec. 2, chap. 51, "Evidence and Deposition."    See, also, sec. 7 of the same chapter.

That the deed should operate as an *escrow,* it is necessary that the delivery should be made to a stranger, and not to the grantee.    *Dawson* v. *Hall,* 2 Mich. (Gibbs,) 392;  *Ward* v. *Winslow,* 4 Pick. 519;  *Arnold* v. *Patrick,* 6 Paige Ch. 310; *Worrall* v. *Munn,* 1 Seld. (N. Y.) 238;  *Jordan* v. *Pollock,* 14 Ga. 155;  *Duncan* v. *Pope,* 47 id. 445.

Mr. Chief Justice Scott delivered the opinion of the Court:

Originally the bill in this case was brought by William L. McCann, against Prudence Atherton, who had a life estate in the premises in question, to prevent waste.    After the death of the life tenant a supplemental bill was filed, to which other persons were made parties, praying for a partition of the property.    Before a hearing of the case was had, a second supplemental bill was filed by complainant, the object of which was to set aside a deed made by Amos Rutledge to R. F. Dickerson, since deceased, for two-sevenths of the land involved, on the ground the deed had not been delivered to the grantee, except upon conditions that had not been performed.    On the hearing of the case a decree for partition was rendered on the first supplemental bill,—the court finding the interests of the parties to be as therein stated,—and dismissed the second supplemental bill, so far as complainant claimed any interest in the premises under the deed from Amos Rutledge and wife to such lands, as

against the heirs of R. F. Dickerson, under a former deed from Amos Rutledge alone. It is the decision of the court dismissing the second supplemental bill of which complaint is made.

Complainant, to maintain his bill in that regard, offered Amos Rutledge, his grantor, to prove the deed previously made by him to Dickerson was not delivered to the grantee except on conditions that had not been performed, and hence the deed was not valid; but the court, on objection being made, held the witness was incompetent, and therefore excluded his testimony. That decision is assigned for error. It will be seen the witness was directly interested in the event of the suit. His deed was made to complainant with a view to enable him to maintain the suit for their mutual benefit. Should complainant succeed in setting aside the deed made by witness to Dickerson, the witness would himself, in that event, be entitled to an interest in the land recovered from the heirs of Dickerson. So manifest is the interest of the witness in the result of the suit, it can not reasonably be a matter of dispute. The statute in regard to the competency of witnesses in civil suits provides, in unambiguous terms, that "no person directly interested in the event thereof shall be allowed to testify therein of his own motion or in his own behalf, by virtue of * * * the statute, when any adverse party sues or defends * * * as heir of any deceased person." That is precisely the case here. The defendants claiming the land under the deed from the witness are the minor heirs of the deceased grantee, and defend in the capacity of heirs of a deceased person. Adverse to the claim of the witness are the interests of the heirs of Dickerson. Although the witness was called by complainant, still if his testimony should be allowed it would be in support of his direct interest in the property, and against the interest of the other defendants, who defend as heirs of his grantee. This is not permissible, under the

statute, and is so plain a proposition it needs the citation of no authorities in its support.

The deed made by Amos Rutledge to R. F. Dickerson bears date June 8, 1867, was regularly acknowledged on that day, and was recorded in the proper office in the county where the lands are situated, on the 14th day of the same month. At that time it appears the grantor and his wife lived apart, and it is claimed it was agreed the deed was not to take effect unless it should first be signed by the wife of the grantor; that if it was not so signed the grantee was to return it to the grantor, and unless so signed the grantee was under no obligation to pay the price agreed upon as the purchase money. The rule of law on this subject is, that a deed, or any other sealed instrument, can not be delivered to the grantee or obligee himself as an *escrow*, to take effect upon a condition not appearing on the face of such deed or other instrument. The delivery must be made to a stranger, otherwise the deed or other instrument becomes absolute at law. *Arnold* v. *Patrick*, 6 Paige Ch. 310; *Fairbanks* v. *Metcalf*, 8 Mass. 230.

But excluding, as must be done, the testimony of Amos Rutledge, there is no satisfactory evidence in the record that the deed to Dickerson was delivered upon any conditions whatever. That which does appear consists mostly of casual statements made by Dickerson to persons having no interest in the land, and could not therefore operate by way of estoppel to prevent the assertion of the truth thereafter by himself, if living, or by his heirs since his death. At most they are incomplete statements concerning the transaction, and were made long after the deed had been recorded. On this subject this court has said, in *Tunison* v. *Chamblin*, 88 Ill. 379: "Where a deed duly executed is found in the hands of the grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption." No such evidence is found in this record. An additional consideration is, the deed in this case

was made and delivered by the grantor to the grantee in June, 1867, and it was not until March, 1882, that the supplemental bill in this case was filed to set aside the deed for the causes it is now insisted render it inoperative. Surely, after the lapse of so many years, a deed absolute in form, and duly acknowledged and recorded in the county where the land is situated and where all the parties reside, will not be set aside and annulled except for the clearest and most satisfactory reasons. Casual statements made by the grantor to strangers to the title, and to persons having no interest in the land conveyed, are insufficient to warrant a decree annulling the deed.

As respects the irregularities it is insisted there is in the decree as to dower, it is a sufficient answer that if any in fact exist, complainant is not injuriously affected thereby, and he has no just cause for complaint on that score. It will not therefore be necessary to remark on this branch of the case.

The decree of the circuit court must be affirmed, which is done.

*Decree affirmed.*