JAMES W. HILL, Respondent, *v.* MARGARET HABERKORN, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Contract.  Construction.*—Where the defendant, by the provisions of the first contract, undertook to act, under the management of plaintiff, in such plays as he might produce, and at such times and places as he might direct, to commence and continue during the acting weeks of six years, the contract imports an obligation, on the part of plaintiff, to produce plays enough to give defendant employment in the acting weeks of each year.

2. *Same.  Defense.*—The defendant is not required to return what she has received under the prior contract, before she can interpose the defense of non-performance thereof on the part of the plaintiff, where the question is not one of rescission, but whether the case calls for equitable interference of the court by way of injunction.

3. *Injunction.  Contract.*—A plaintiff, to entitle himself to an injunction restraining defendant from a breach of contract between them, must show a fulfillment of the whole contract, or continuation thereof up to the time of bringing suit.

4. *Same.*—In support of his denial, the defendant has the right to show that the plaintiff did not perform a former contract not completed but continued by the second contract; and questions put with this view are proper.

5. *Same.*—The recitals in the second contract to the effect that the defendant was satisfied with the general outcome of the former contract, then just expiring, do not preclude her from insisting that the plaintiff has not fulfilled his obligations thereunder.

Appeal from judgment of special term, restraining defendant from performing as an actress under the management of any other person than the plaintiff, without his consent in writing.

*A. J. Dittenhoefer*, for appellant.

*George Bliss*, for respondent.

BARTLETT, J.—The position which the plaintiff occupied and assumed toward the defendant, when he prepared the second contract and got the defendant to execute it, was one which, in equity and good conscience, demanded from him a disclosure of any and all facts as to his management under the first contract, which, if known to her, might have prevented her from signing. The relation between them was a relation of express trust and confidence. The defendant was not a good business woman, and the plaintiff knew it. She had little or no real knowledge of the condition of the account under the first contract when the second contract was executed; and it is evident that she had implicit faith in Mr. Hill up to that time, and relied upon him to act for her interests, no less than his own. See 2 Pomeroy's Eq. Jur., § 902.

Whether any facts really existed, showing that the plaintiff had failed to fulfill his part of the first contract, is a question in dispute between Miss Mather—to speak of the defendant by her stage name—and Mr. Hill. It seems plain, however, that her evidence tending to prove the existence of such facts ought to have been received by the trial court.

The true purpose of this action is to enforce a specific performance of the second contract by means of an injunction restraining the defendant from acting under any other theatrical manager than the plaintiff. But the second contract was executed before the first one had expired, and is expressly declared to be a continuation thereof. To entitle the plaintiff to a specific performance, or to an injunction which will have the same effect, equity requires that he shall show a fulfillment of the whole agreement on his part —the first contract, as well as the second contract, or continuation up to the time of bringing suit. And this was evidently the view of his counsel, for the complaint expressly alleges a due performance of the first contract by the plaintiff. The defendant denies it. The court finds it.

And yet a very large number of questions, designed to prove the contrary, and admissible for that purpose, were excluded against the defendant's objection and exception. This was error, and irrespective of the other questions in the case, demands a reversal of the judgment.

The recitals in the second contract inserted by Mr Hill, to the effect that Miss Mather was satisfied with his business ability, and with the general outcome of the contract just expiring, do not preclude the defendant from insisting that he has not fulfilled his obligation thereunder. She does not seek to vary or contradict the recitals. They were true when made. She was satisfied then; but with subsequent information has come dissatisfaction. Under the circumstances of this case, the principles enunciated in Cocks *v.* Barker (49 N. Y. 107), and Kennedy *v.* Aitken (9 Daly, 502) have no application.

The plaintiff insists that if the defendant wishes to rescind the second contract on account of fraud under the first, she must return the $16,000 which she received under such prior agreement. As to this suggestion, it is to be observed that the question here is not one of rescission, but whether the case calls for the equitable interference of the court by way of injunction; and further, that the defendant was paid, not a stipulated salary, but a percentage of the net profits of her performances under Mr. Hill's management, and claims that she has not received all of said profits to which she was entitled.

If it be true that the plaintiff had in part deprived the defendant of her share in the profits under the first contract, and had committed the other breaches thereof, which the defendant alleged in her answer, and in ignorance of which she entered into the second contract, then the plaintiff's case lacks the equitable elements which must exist to authorize the intervention of the court in his behalf, by injunction. Whether the allegations to this effect are true or not, cannot properly be determined without considering

much of the evidence which was offered by the defendant, but excluded; and in consequence of its exclusion, the judgment must be reversed and a new trial granted.

With reference to another trial, it may be well to say a few words in regard to the point made by the learned counsel for the defendant, that the contract is not mutually binding upon the parties. We do not think it is bad for want of mutuality. That objection might apply to the second contract if it stood alone, but not when it is considered as a continuation of the first. In the first contract, Miss Mather undertook to act under the management of Mr. Hill in such plays as he might produce, in such cities and theatres, and at such times at he might direct " to commence on or about June 4, 1881, and continue during the acting weeks of six years." Mr. Hill accepted " the above contract on the terms and conditions therein stipulated," and bound himself to pay Miss Mather twenty-five per cent. of the net profits for the season, commencing on or about September 1, 1882, and fifty per cent during each season thereafter. It seems to us that the contract fairly imports an obligation on the part of Mr. Hill, to produce plays enough to give Miss Mather employment in " the acting weeks" of every year, which presumably means during the ordinary dramatic seasons.

But for the reasons previously given, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, Ch J., and BRADY, J., concur.