JOHN J. RYAN *et al.*

*v.*

ERNEST W. COOKE.

*Opinion filed April 21, 1898.*

1. CONTRACTS—*contract may be sealed though there are not as many seals as signers.* A contract, containing an attestation clause reciting that the instrument was given under the hands and seals of the signers, is a sealed instrument though there are not as many seals as signers, as, in such case, the court will presume that each signer adopted some one of the seals used.

2. ESCROW—*contract cannot be delivered to the promisee as an escrow.* A written contract, whether under seal or not, cannot be delivered to the promisee as an escrow, to take effect upon a condition not appearing on the face of the instrument.

3. EVIDENCE—*parol evidence not admissible to show that contract was to be inoperative.* Where a contract ready for delivery is handed to the obligee with the intention of passing title, there is a valid delivery, and parol evidence is not admissible to show the contract was not to be operative until the performance of some condition.

4. SAME—*sealed contract cannot be changed by proof of subsequent parol agreement.* A contract under seal cannot be changed or modified by proof of a subsequent parol understanding or agreement.

*Ryan* v. *Cooke,* 68 Ill. App. 592, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

This is an action in assumpsit, brought upon a certain contract, dated August 26, 1889, entered into between

C. P. Warren and E. W. Cooke, the latter being the appellee, of Chicago, as parties of the first part, and J. J. Ryan & Co., a firm composed of John J. Ryan and John J. Hayes, of Chicago, as parties of the second part. The suit was originally brought by Warren & Cooke against Ryan and Hayes, but, Warren having died, the cause was ordered to proceed in the name of the surviving plaintiff. By the terms of the contract, the first parties granted to the second parties the exclusive right of the one undivided one-half interest (excluding the city of St. Paul, Minnesota,) to manufacture and sell for the unexpired term of certain letters patent upon certain conditions, namely: The second parties agreed to manufacture not less than 500 specimens of the invention for the first two years after the date of the agreement, and 3000 of such specimens the third year, and 10,000 thereof for each year thereafter which the patent would have to run; and to pay to the first parties ten cents for each specimen so manufactured, or $1000.00 a year after the third year at the option of the second parties; the parties of the second part agreed not to manufacture any other gasoline burner for street lighting purposes during the period the contract was to run, and to render to the parties of the first part on the first day of every month a statement of the number of specimens manufactured during the previous month, and make a remittance of the amount of royalty due the parties of the first part at that time; upon the failure of the parties of the second part to manufacture 500 specimens during the first and second years, and 3000 during the third year, and 10,000 during each year thereafter, or to pay the $1000.00 per year for the period stated, the parties of the first part were to have the right at their option to terminate the license upon due notice given in writing, within thirty days after the giving of said notice, such notice and termination of the license not in anywise to lay the parties of the first part open for damages of any kind. By the terms of the contract

it was also agreed, that in consideration of a license to
manufacture a device, known as a "Measuring Apparatus"
for "Gasoline Street Lamps," for which letters patent
had been applied for, being filed of record in the pat-
ent office, etc., the parties of the second part would pay
to the parties of the first part $5.00 royalty for each
machine so made, and the parties of the second part to
manufacture for each year after the first year during
the unexpired term of the patent not less than 100 ma-
chines, a statement and remittance to be rendered on the
first of every month according to commercial usage, and
the parties of the first part to have the option to termin-
ate the contract with one month's notice, as above stated.
The attesting clause and signatures and seals to the con-
tract were as follows:

"Witness our hands and seals this 26th day of August, A. D.
1889, at Chicago, Illinois.

| C. P. WARREN, | [Seal.] |
| ERNEST W. COOKE, | [Seal.] |
| J. J. RYAN & Co., | [Seal.] |
| J. J. RYAN, | |
| J. J. HAYES." | |

The defendants filed a plea of the general issue, and
an additional plea. In the latter plea, it was set up that,
on August 26, 1889, and after the signing, sealing and de-
livering of said contract, the defendants and plaintiffs
made another contract whereby it was agreed, that said
written contract would only become binding upon the
defendants in the event of the defendants obtaining from
the city of Chicago a certain contract, for which they
were negotiating with said city, for the manufacture of
a large number of gasoline lamps; and the plea further
alleges, that it was agreed between the parties to said
written contract, that, upon the failure on the part of
the defendants to obtain such contract from the city of
Chicago, in consideration of defendants waiving all rights
which they might have under the written contract, the
plaintiffs agreed to waive all right, which they had or

might have under the same; and that the contract referred to, as having been made subsequently to the written contract, was a verbal one; and it was further averred, that the defendants, in pursuance of said verbal contract, endeavored to procure from said city of Chicago a contract for the manufacturing of gasoline lamps, and without their fault failed to obtain such contract from the city, by means whereof the written contract referred to in the declaration became null and void.

The cause was tried before a jury, and resulted in a verdict and judgment in favor of the surviving plaintiff for $1400.00. Upon appeal to the Appellate Court, this judgment has been affirmed; and the present appeal is prosecuted from such judgment of affirmance.

ENGLISH & HEFFERAN, (T. A. MORAN, of counsel,) for appellants:

Proving a conditional delivery or a non-delivery is not denying the execution of the written contract within the meaning of the statute, but denying the existence of any contract at all. *Curtis* v. *Harrison*, 36 Ill. App. 287.

The delivery of a written contract is indispensable to its binding effect, and such delivery is not conclusively proved by showing the placing of the paper by the alleged contracting party in the hands of the other. Delivery is a question of intent, and it depends whether the parties at the time mean it to be a delivery to take effect presently. *Jordan* v. *Davis*, 108 Ill. 336.

Parol evidence is competent to show that a writing in form a complete contract, and delivered, was not to become binding until the performance of some condition resting in parol. Brown on Parol Evidence, sec. 32.

If a bond be signed and put into the hands of the obligee or a third person on the condition that it shall become obligatory upon the performance of some act by the obligee or any other person, the paper signed does not become the bond of the party signing the same until

the condition precedent be performed.    Until then there is no contract.    *Lovett* v. *Adams,* 3 Wend. 380.

ALDRICH, REED, FOSTER & ALLEN, for appellee:

An instrument purporting on its face to be under seal by all the signers, with several seals, but not so many as there are names, carries the presumption of adoption of some seal by each signer. *Davis* v. *Burton,* 3 Scam. 41; *McLean* v. *Wilson,* id. 50; *Eames* v. *Preston,* 20 id. 389; *Trogdon* v. *Stone Co.* 53 Ill. App. 206; *Rusling* v. *Pipe Co.* 39 N. Y. Supp. 216; *VanAlstyn* v. *VanSlyck,* 10 Barb. 383; 21 Am. & Eng. Ency. of Law, 886; Rev. Stat. chap. 29, sec. 1.

If a deed is delivered to the party or his agent it is absolute, and parol evidence of conditions qualifying the delivery is inadmissible.    *Cocks* v. *Barker,* 49 N. Y. 110.

While it may be shown that a deed was not to be delivered until a condition was performed, and that possession of it had been obtained improperly before the performance thereof, or by fraud, accident or mistake, yet it cannot be shown by parol that an actual delivery was made under an agreement that a condition should be performed, and the deed should not be operative unless it was performed.    Devlin on Deeds, secs. 295, 315; *Black* v. *Lamb,* 12 N. J. Eq. 108; *Black* v. *Shreve,* 13 id. 455; *Ward* v. *Lewis,* 4 Pick. 518; *High School Co.* v. *Iowa Evangelical Synod,* 28 Iowa, 360; *Railroad Co.* v. *Pfeuffer,* 56 Tex. 66; *Lawton* v. *Sager,* 11 Barb. 349; *Williams* v. *Higgins,* 69 Ala. 517; *Miller* v. *Fletcher,* 27 Gratt. 403; *McCann* v. *Atherton,* 106 Ill. 31; *Arnold* v. *Patrick,* 6 Paige, 310; *Plankroad Co.* v. *Stevens,* 10 Ind. 1; *Duncan* v. *Pope,* 47 Ga. 445; *Towner* v. *Lucas' Exr.* 13 Gratt. 705; *Simonton's Estate,* 4 Watts, 180; *Watson* v. *Hurt,* 6 Gratt. 633.

A sealed executory contract cannot be modified or any part changed by parol, so as to authorize either party to sue upon it. *Hume Bros.* v. *Taylor,* 63 Ill. 43.

The terms of a sealed instrument cannot be varied by parol.    *Chapman* v. *McGrew,* 20 Ill. 101; *Loach* v. *Farnum,*

90 id. 368; *Hume Bros.* v. *Taylor*, 63 id. 43; *Reeves* v. *Hyde*, 14 Ill. App. 233; *Barnett* v. *Barnes*, 73 Ill. 217; *Breher* v. *Reese*, 17 Ill. App. 545.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Upon the trial of. this case in the court below, the defendants there, who are the appellants here, offered to prove by John J. Ryan, one of the defendants, that the contract, offered in evidence by the plaintiff, and described in the statement preceding this opinion, was signed by the parties to it, upon the express understanding and agreement between said parties, that it was not to become operative, unless the defendants obtained a certain other contract from the city of Chicago, and that they never obtained such other contract from the city. The plaintiff below, who is the appellee here, objected to the offer, and to the introduction of the proof contemplated by the offer; and the objection so made was sustained by the court, and exception to the ruling of the court was duly saved.

The only question is, whether the trial court erred in refusing to admit the testimony offered as aforesaid by the appellants. It is claimed by the appellants, that it was competent for them to show, that the contract was signed by the parties to it under a verbal agreement, that it was not to become operative until the happening of a subsequent event, to-wit: the obtaining of a certain other contract from the city of Chicago. We are of the opinion that the court below committed no error in its ruling upon this subject. The contract in question is not to be considered otherwise than as a contract, having seals appended to the names of all the signers thereof. It is true, that no seals appear opposite the individual names of Ryan and Hayes; but seals follow the names of Warren and Cooke, and the firm name of J. J. Ryan & Co., of which Ryan and Hayes were members. By the attesting

clause of the contract, the parties, signing the same, substantially state, that the contract is under their hands and seals. The contract purports, upon its face, to be given under the hands and seals of the signers thereof. It will, therefore, be presumed that all the signers of it intended to seal it, inasmuch as the attesting clause indicates such an intention on their part. When a bond or other sealed instrument purports on its face to be sealed by all its signers, and there are several seals to it, but not so many as there are names, the court will presume that each person signing it adopted some one of the seals. (*Davis* v. *Burton*, 3 Scam. 41; *McLean* v. *Wilson*, id. 50; *Eames* v. *Preston*, 20 Ill. 389).

It follows, that the instrument, here sued upon, is an instrument under seal. The rule is, that "evidence of parol agreements and understandings, antecedent to, or contemporaneous with, the execution of an instrument under seal, is not admissible to vary the terms of the written instrument." (*Heisen* v. *Heisen*, 145 Ill. 658). In *McAleer* v. *United States*, 150 U. S. 424, an employe in the treasury department obtained letters patent for the invention of an improvement in paper perforating machines, which was of use in the department, and granted the department the right to make and use machines, containing such improvement, to the full end of the term of the letters patent; it was sought to defeat the contract by showing a verbal agreement, between such employe and one of the superintendents of a bureau in the department, to the effect that such employe should be retained and employed in the bureau as a machinist, as long as the bureau continued to use the invention, and that he was subsequently discharged; it was there held, that the instrument constituted a contract, fully executed on both sides, which gave the right to the department to make and use machines to the end of the term, and that the contract could not be contradicted or varied by proof of a collateral parol agreement inconsistent with its terms.

Neither a deed, nor any other sealed instrument, can be delivered to the grantee or the obligee himself as an escrow, to take effect upon a condition not appearing on the face of such deed or other instrument. Such deed or other instrument becomes absolute at law, unless the delivery is made to a stranger. (*McCann* v. *Atherton*, 106 Ill. 31; *Stevenson* v. *Crapnell*, 114 id. 19; *Weber* v. *Christen*, 121 id. 91). Undoubtedly, the delivery of a written contract is necessary to give it binding effect, and delivery is a question of intent; and the character of the delivery, whether absolute or conditional, may be established by parol. (*Jordan* v. *Davis*, 108 Ill. 336). But, while it may be shown that a deed or contract is not to be delivered until a condition is performed, yet it cannot be shown by parol, that actual delivery was made under an agreement, that a condition should be performed, and that the deed or contract should not be operative unless it was performed. In the one case, the purpose of the proof is to show want of a legal delivery, but in the other case the effect of the proof is to contradict an instrument, absolute on its face, by showing, contrary to its terms, that it is not absolute, but only conditional. (Devlin on Deeds, secs. 295, 315; *Ward* v. *Lewis*, 4 Pick. 518).

In the case at bar, the signing, sealing and delivery of the contract between the parties is established beyond question, and there is no evidence of a conditional delivery of the same. The contract cannot be altered by a prior parol agreement. When a deed or other instrument is handed by the grantor to the grantee, or by the obligor to the obligee, simply for the purpose of having the party, to whom it is thus handed, obtain the signatures of other parties thereto, or obtain the guaranty of some third person thereon, there is no delivery, but a mere manual transfer of possession. But where the deed or instrument, being ready for delivery, is handed to the grantee or obligee with the intention at the time of passing a present title, there is a delivery, and parol evidence

that it was not to become operative, until the performance of some condition, is not proper. (*Stanley* v. *White*, 160 Ill. 605).

By the contract here, appellants agreed to manufacture a certain number of specimens of the invention during a series of years, and to pay appellee certain amounts therefor. Appellants thus made an absolute and unconditional agreement. The offer to show, that the appellants only agreed to manufacture, and to pay for the specimens they manufactured, upon condition that they obtained a certain contract from the city of Chicago was an attempt to vary and contradict the terms of their own written undertaking.

It is said, however, that a different rule prevails in regard to instruments under seal from that which applies to instruments not under seal, and that the contract in the present case, although having seals attached to it, is not necessarily such a contract, as is required by the law to be under seal. The rule is held to apply to instruments not under seal, as well as to instruments under seal. In *Foy* v. *Blackstone*, 31 Ill. 538, it was held, that the maker of a promissory note, absolute on its face, cannot show against the payee an oral contemporaneous agreement, which would make the note payable on a contingency. In the *Foy case*, there was an agreement between a railroad company and a subscriber to its stock, that the latter should not be required to pay his subscription, until all the stock was subscribed, and that a certain bond and certain coupon notes, which had been given by him in payment of his subscription to said stock, should not be enforced until the whole amount of the capital stock required to build the road should be subscribed. But it was held, that proof of the agreement in question was incompetent, because it would go to the extent of varying the terms of a note, which was absolute on its face. Proof, offered for the purpose of showing that a note which appears on its face to be given for one pur-

pose, is, in truth and in fact, given for a different purpose, is inadmissible.

In *Baum* v. *Parkhurst*, 26 Ill. App. 128, it was held, that parol evidence was inadmissible to show, that a renewal receipt for the extension of a policy of insurance, absolute in its terms and delivered to the insured, was a merely conditional contract. In the latter case it was said: "So far as the instrument purported to pass a right or evidence a contract, it was conclusive upon the parties. It is urged by appellee, that the paper involved in this case was not under seal and was not a deed, and that, therefore, the law, that a deed cannot be delivered in escrow to a contracting party, has no application here. The law of escrow is not confined to sealed instruments. A promissory note or other simple contract in writing, as well as a deed, may be delivered as an escrow, and the law of escrows is substantially the same in both cases, and such note or contract cannot be delivered directly to the promisee to be held by him as an escrow." The rule is well settled that, if a deed is delivered to the party or his agent, and not to a stranger, it is absolute, and parol evidence of conditions qualifying the delivery is inadmissible. (*Cook* v. *Barker*, 49 N. Y. 110). Again, in *Massmann* v. *Holcher*, 49 Mo. 87, it was said: "An escrow is defined to be a deed delivered to a stranger, to be by him delivered to the grantee upon the happening of certain conditions, upon which last delivery the transmission of title is complete. But a note, as well as a deed, may be delivered in escrow, and the law of escrows is substantially the same in both cases. In either case, it is necessary that the instrument, in the first instance, should be delivered to a stranger, that is, to a person not a party to the contract. Neither a note nor deed can be delivered to the grantee or promisee to be held by him as an escrow."

Where an agreement is under seal, it is not competent, either at common law or under the law of this State, to modify or change it by proof of a subsequent parol under-

standing or agreement. (*Baltimore and Ohio Railroad Co.* v. *Illinois Central Railroad Co.* 137 Ill. 9). In the application of this rule, it makes no difference that the contract may be one, which would have been valid without any seal. In *Hume Bros.* v. *Taylor*, 63 Ill. 43, there was a contract under seal for the delivery and receipt of 1000 head of hogs of a certain weight, and at a certain place, and on a certain date; and to secure it each party delivered its note to a third party to be held for the use of the party, injured by a breach of the contract; suit was brought by the vendors, and a plea was interposed, that the 1000 hogs were not delivered; to this plea replications were filed, stating that a new contract was made by parol, in which it was agreed that the plaintiffs should receive a less number of hogs; in that case we said: "The common law rule seems to be well settled, that a sealed executory contract can not be modified or in part changed by parol, so as to authorize either party to sue upon it, and the cases that support this doctrine are numerous." In *Loach* v. *Farnum*, 90 Ill. 368, we said: "In very many, if not in most of the cases, both English and American, in which the doctrine under discussion has been announced, the contracts would have been perfectly valid without any seal. A seal was not essential in order to make the contract in *Hume Bros.* v. *Taylor*, a valid and binding contract for the delivery of hogs; and yet the parties there, as here, elected to enter into a sealed contract." In *Barnett* v. *Barnes*, 73 Ill. 216, there was a lease under seal, and it was sought to show by a verbal agreement, made while the lessee was in possession, that the rent was reduced, but it was held, that it was not competent for the parties to change the terms of the lease by parol; and it was said: "A sealed executory contract cannot be modified or in any part changed by parol agreement, so as to authorize either party to sue upon it."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*