### Chicago Pressed Steel Co., James W. Wilson and George W. Boyce v. Jane Clark.

1. ESTOPPEL—*To Plead Non Est Factum by Recitals in a Bond.*—Where a bond is given to secure the payment of the rent reserved in a lease and the performance of its covenants on the part of the lessee, and which lease is set out as a part of the condition of the bond, the obligors are estopped by their recitals in the bond to deny the execution of the lease, by a plea of *non est factum.*

2. DEEDS—*Delivery, When Absolute.*—If a deed is delivered to a party or his agent, and not to a stranger, it is an absolute delivery, and parol evidence of conditions qualifying such delivery is inadmissible.

3. EVIDENCE—*Extrinsic Proof Competent to Identify the Subject-Matter of a Contract.*—Extrinsic proof is always competent to identify the subject-matter of a contract.

**Debt,** on bond. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed February 26, 1900.

GEORGE A. GARY, attorney for plaintiffs in error; FAYETTE J. PARTRIDGE, of counsel.

HUTCHINSON & FAIRCHILD, attorneys for defendant in error; JOHN W. BECKWITH, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is error to reverse a judgment recovered by defendant in error against plaintiffs in error in an action of debt on a bond. The bond is dated August 2, 1897, and is signed and sealed in the names of plaintiffs in error. The condition of the bond is as follows:

"The condition of this obligation is such, that if the said The Chicago Pressed Steel Company, lessee, in a certain written lease made by the said Jane Clark, and bearing even date herewith, demising a certain rolling mill in the County of Muscatine, State of Iowa, shall well and truly pay, or cause to be paid, as the same shall become due, the rents reserved in said lease, and shall faithfully keep and perform all of the covenants in said lease contained on the part of the lessee to be kept and performed, then this obligation shall be void, otherwise to be and remain in full force and virtue."

The declaration avers the execution of the bond by plaintiffs in error, sets forth the condition thereof, and alleges that by the written lease in the condition of the bond mentioned, the plaintiff demised to the Chicago Pressed Steel Company "lots nine (9), ten (10), in block sixty-one (61), all of block sixty-two (62) and all of block sixty-three (63) in Park Place addition to the city of Muscatine," as shown by the official plat in office of county recorder of Muscatine County, "together with all her right, title or claim in and to any of the grounds situate between blocks sixty-one (61) and sixty-two (62), and all the buildings, improvements, mills and machinery, whether fixed or movable, now situate in, upon or about said premises, and all tackle, tools, implements, and things upon said premises properly used in the rolling mill business and belonging to the said party of the first part, and all switches, tracks and railways and railway facilities owned by the said Jane Clark, connecting said mill with neighboring railways; to have and to hold the said described premises from the day of the date hereof to the first day of August, A. D. 1898, yielding and paying thereout the rent for said term of three thousand (3,000) dollars to be paid quarterly in advance," $750 on day of date thereof, and $750 November 1, 1897, February 1, 1898,

and May 1, 1898. That Chicago Pressed Steel Company did thereby covenant with Jane Clark that it would pay said rent as provided," etc.

The declaration avers default in the payment of all rent, etc.

Plaintiffs in error pleaded three pleas : 1. *Non est factum* verified as to the bond. 2. *Non est factum* verified as to the lease. 3. A special plea. The court sustained demurrers to the second and third pleas, and the cause was tried by the court, without a jury, by agreement of the parties, the only issue being that made by the first plea, the plea of *non est factum* as to the bond.

The court found for defendant in error, assessed her damages at the sum of $3,000, the amount of rent due by the terms of the lease, and rendered judgment for that sum.

It is contended by counsel for plaintiffs in error that the court erred in sustaining the demurrers to the second and third pleas. Counsel, in their argument, say that the plaintiff below counted on the lease. The declaration was on the bond, not on the lease, but it was necessary to aver a breach of the condition of the bond; and for this purpose, and this only, the allegations that there was a demise reserving rent, and that the rent reserved had not been paid, were made.

The second plea, *non est factum* as to the lease, is bad, and the demurrer to it was properly sustained. It is recited in the condition of the bond that the Chicago Pressed Steel Company is lessee in a certain written lease made by Jane Clark, of even date with the bond, and the obligation of the plaintiffs in error is stated to be to pay the rents reserved by the lease. The recital that there was a written lease in which the Chicago Pressed Steel Company is lessee, is of a vital fact on which depends the liability of the obligors, and plaintiffs in error are estopped to deny the truth of the recital by plea or otherwise. Otto et al. v. Jackson, 35 Ill. 349; Arnott et al. v. Friel, 50 Ib. 175; George v. Beachoff et al., 68 Ib. 236; Herrick et al. v. Swartwout, 72 Ib. 341; Mix et al. v. The People, 86 Ib. 329; 1 Jones on Evidence, Sec. 283; 20 Am. & Eng. Ency. of Law, 1 Ed. p. 458.

Chicago Pressed Steel Co. v. Clark.

The substance of the third plea is thus stated in the abstract of the pleadings :

" That said supposed bond and supposed lease in declaration mentioned were signed on the same occasion and in the same transaction so far as they were signed by defendants; that before the signing thereof certain negotiations for the leasing of the premises and property mentioned in said declaration, by said plaintiff to said Steel Company, were had between said company of the one part, and one J. M. Gobble, of Muscatine; that Gobble was agent and representative of plaintiff; that no negotiations for the leasing of said premises and property to said company were had on its part with plaintiff personally; but all said negotiations were had with Gobble, as agent; that at the time of the signing by defendants, of the pretended bond, and the signing by the Steel Company of the pretended lease, the Steel Company, through its officers and agents, stated to and informed Gobble, then acting as plaintiff's agent, that the Steel Company was not then and there prepared to enter into lease and accept same from plaintiff, and would not then enter into and accept same; that thereupon, at the special instance and request of Gobble, it was expressly agreed by and between Gobble, as agent, of the one part, and the Steel Company, through its officers and agents, and also the other defendants, of the other part, that said defendants in said cause should sign the pretended bond and the Steel Company should sign on its part the pretended lease, and that Gobble should keep and hold said pretended lease and bond in his possession until the Steel Company should decide upon its part, to enter into and take said lease from plaintiff, and that Gobble should keep and hold said bond and lease subject to such decision of the company; that thereupon defendants then and there signed said bond and said Steel Company, through its officers, signed said pretended lease upon its part in duplicate, and Gobble received into his possession and custody said supposed bond and retained both copies of said supposed lease in his possession and custody, and continued to keep and retain the same, so far as defendants were concerned, upon the express agreement aforesaid; that the Steel Company has never accepted nor agreed to accept and enter into and execute said supposed lease, and has never at any time entered into and executed said lease nor any lease from or with said plaintiff."

The demurrer was properly sustained to this plea.

First: The condition of the bond recites that Jane Clark, defendant in error, demised to the Chicago Pressed Steel Company, a certain rolling mill in the county of Muscatine, Iowa. This clearly imports a present demise, and not one to take effect upon a future contingency. The plea purports to contradict this recital by denying the demise, which it is estopped to do.

Second: The plea is, in substance, that the bond and the lease were placed in escrow in the hands of one who was the agent of the plaintiff for the purpose of leasing the premises.

The delivery of the bond to the agent of the obligee, could not be a delivery in escrow.

In Cocks v. Barker et al., 49 N. Y. 107, cited with approval in Ryan v. Cooke, 172 Ill. 302, the court say:

"Neither could the delivery of the bond be shown by parol as in escrow, or conditional. It was delivered to the agent of the plaintiff, which was of the same effect as if delivered to the plaintiff in person. ' If a deed is delivered to the party or his agent, and not to a stranger, it is absolute, and parol evidence of condition qualifying the delivery is inadmissible."

In Ryan v. Cooke, *supra*, the court (p. 311) say:

· "The rule is well settled that if a deed is delivered to a party or his agent, and not to a stranger, it is absolute, and parol evidence of conditions qualifying the delivery is inadmissible," citing Cocks v. Barker, *supra*.

See also McCann v. Atherton, 106 Ill. 31; Stevenson v. Crapnell, 114 Ill. 19.

Third: The plea questions the delivery of the bond. Delivery is an element in the execution of the bond. Therefore, the facts alleged in the plea, if they constitute a valid defense, were provable under the plea of *non est factum* as to the bond. 1 Chitty's Pl., 9th Am. Ed., 483.

On the hypothesis, to which we do not assent, that the demurrer to the plea was erroneously sustained, plaintiffs in error were not prejudiced, because the court permitted them to introduce evidence tending to prove the facts alleged in the third plea, which evidence was contradicted

by evidence introduced by defendant in error; and we are of opinion that the evidence was such as to warrant the court in finding that there was, in fact, a delivery to defendant in error of both the bond and the lease.

It is contended that the court erred in admitting the lease in evidence, because, as counsel argue, it is not the lease referred to or described in the condition of the bond. The date of the bond is August 2, 1897, and the lease referred to in its condition is " a certain written lease made by the said Jane Clark, and bearing even date herewith, demising a certain rolling mill in the county of Muscatine, in the State of Iowa," in which lease the Chicago Pressed Steel Company is lessee. The lease introduced in evidence is dated August 2, 1897, is made, signed and sealed, by Jane Clark as lessor, runs to the Chicago Pressed Steel Company as lessee, and is signed in the name of that company by James W. Wilson, president. The name of A. M. Weeden, secretary, is also signed to the lease, and the corporate seal of the company is affixed to it. The lease demises certain lots by description in Muscatine county, in the State of Iowa, " and all buildings, improvements, mills and machinery" on the described premises, " and all tackle, tools, implements and things upon said premises properly used in the rolling mill business," etc., " and all switches, tracks and railways and railway facilities owned by the said Jane Clark, connecting said mill with neighboring railways." We think it sufficiently appears, from comparison of the condition of the bond with the lease, that the lease is the one referred to in the condition of the bond. There is no evidence that any other lease was executed by Jane Clark to the Chicago Pressed Steel Company August 2, 1897, or any other time. As matter of law it certainly can not be presumed that there was any other lease, and if there was, it was incumbent on plaintiffs in error to prove it. Beckwith v. Talbot, 95 U. S. 289, 292.

Counsel for plaintiffs in error object to the admission by the court of parol evidence tending to prove that the lease put in evidence was the lease intended or referred to

by the condition of the bond. While we are of opinion that such evidence was unnecessary, we are also of opinion that it was not error to admit it. As said by the court in Bulkley v. Devine, 127 Ill. 406, "Extrinsic proof is always competent to identify the subject-matter of a contract, if necessary, and to admit it in no way violates the rule that parol testimony is never admissible to contradict or vary the terms of a written contract," citing numerous authorities.

See also Forst v. Leonard, 112 Ala. 296, 303; 1 Greenleaf on Ev., 13th Ed., Sec. 286; 2 Jones on Ev., Sec. 455; Brown on Stat. of Frauds, Sec. 375a.

But if it should be conceded that the evidence is incompetent, the trial being by the court, without a jury, it must be presumed that the court ignored it. Merchants Desp. Trans. Co. v. Joesting, 89 Ill. 152; Dorsey v. Williams, 48 Ill. App. 386; Hobart v. Hobart, 53 Ib. 133.

We find no reversible error in the refusal of propositions submitted by counsel of plaintiffs in error to be held as law in the case.

The judgment will be affirmed.