## David Levi, Plaintiff in Error, v. Charles R. Beadles, Defendant in Error.

### Gen. No. 15,323.

LANDLORD AND TENANT—*when latter cannot deny title of former.* So long as the relation of landlord and tenant exists and is fixed by an outstanding lease under seal the tenant cannot deny the title of his landlord.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding of facts. Opinion filed March 21, 1911.

**Statement by the Court.**    Defendant    in    error, Beadles, was defendant in an action in forcible detainer brought against him in the Municipal Court by plaintiff in error, to recover possession of the first flat at 540 East Fiftieth place, Chicago, which was one of twenty-four apartments in the building. A trial by the court below, without a jury, resulted in a judgment for the defendant, and Levi brings the case here upon a writ of error.

Beadles being the owner of the land, and having partially erected the apartment building in question, borrowed money from Levi to complete it, giving him by way of security therefor, among other things, a deed to the property, in which his wife joined. It is conceded that though absolute in form, it was in fact a deed of trust to secure the money loaned. Subsequently Levi brought suit to foreclose, and on April 2, 1906, Beadles being then, as he had for several months theretofore been, in possession of one of the twenty-four apartments in the building, a written lease for the flat was executed by Levi and Beadles, under seal, covering the period from April 1 to October 31, 1906, at $33 per month.

No rent in money was in fact ever paid, it being

claimed by Levi, and not denied by Beadles, that Beadles' rent should be paid by his services in collecting and turning over to Levi the rent from the other twenty-three apartments, and by caring for the building. No change in the situation occurred until September 1, 1908, after which nothing was done by Beadles by way of caring for the building or collecting rents; and on September 12, 1908, Levi served a five days' notice upon Beadles, demanding payment of $33 rent for the flat for September, and notifying him that unless it was paid on or before September 17, 1908, the lease would be terminated. On the 18th day of September, 1908, this action was brought.

GROSSBERG & KOMPEL and C. B. HOFFENBERG, for plaintiff in error.

HENRY W. LEMAN and FRANK H. CULVER, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Defendant in error, Beadles, while admitting that he himself made out, signed and delivered the written lease in question to Levi, claims that it was without vitality as a lease, because, he asserts, that he prepared, executed and delivered, upon the request of Levi, who told him that it was a mere matter of form.

Beadles testifies: "Mr. Levi said, 'This is in the courts now and I may be called upon to show twenty-four leases on twenty-four flats, and I guess I will have to have you sign a lease.' I said, 'I am not paying any rent and I own the property, and I don't care to sign a lease.' 'Well,' he said, 'it is a mere matter of form; the master may require me to show twenty-four leases.' I said, 'I don't expect to pay any rent; I haven't paid any rent, and I don't care to sign a lease,' 'But,' he said, 'I would like to have you sign

this lease. You can make it out for six months or a year or any way you like.' ''

Beadles does not even claim that he did not understand the effect of the written lease so under seal, nor that he was in any way over-reached or deceived by Levi, except as indicated in the above testimony.

Levi concededly had the legal title to the property. Beadles saw fit to assume, by the execution and delivery of the lease, the relation of tenant, and he cannot be heard, in a proceeding at law, to deny the relationship created by the lease, until, by some act of the parties, or by operation of law, a new and different relationship is created.

Ryan v. Cooke, 172 Ill. 302, is sufficient authority for sustaining the objection to Beadles' testimony concerning his alleged conversation with Levi when the purpose of the lease was talked about.

Under section 8, chapter 80, Hurd's Statutes, the demand was sufficient.

We are satisfied that the court below erred in finding for the defendant, and the judgment is reversed and judgment entered here upon a finding of facts in favor of the plaintiff in error, for possession and costs.

We may add that it appears from the abstract and briefs that the questions involved here, as to the right of possession, are likely to be speedily determined in a chancery proceeding, and, therefore, the action of this court in this proceeding is less important.

*Reversed with finding of facts.*