## Oliver P. Hiett, trading as Oliver P. Hiett Company, Plaintiff in Error, v. Turner-Hudnut Company, Defendant in Error.

### Gen. No. 5,757.

1. SEALS, § 2*—*when contract is sealed.* Where a contract for the erection of an elevator by plaintiff for defendant purported to be under the hands and seals of the parties, and there was a seal opposite the signature of plaintiff but no other seal, such contract was a sealed contract.

2. CONTRACTS, § 251*—*when contract cannot be modified.* Where an agreement is under seal it is not competent to modify or change it by proof of a subsequent parol agreement, and in the application of such rule it is immaterial that the contract would have been valid without a seal.

3. EVIDENCE, § 347*—*when parol evidence is inadmissible.* A sealed contract to erect an elevator cannot be modified by a subsequent verbal agreement to pay a different sum for the construction of it than that named in the contract.

Error to the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

QUINN, QUINN & MCGRATH and CLARENCE W. HEYL, for plaintiff in error.

PAGE, WEAD, HUNTER & SCULLY, for defendant in error.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

This is an action in *assumpsit,* brought to recover $7,534.65, in which the pleadings are the common counts to which the general issue was pleaded. A trial was had and at the close of the evidence a motion was made by defendant in error, hereinafter for brevity styled defendant, to direct a verdict for defendant, which was sustained and judgment entered

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

accordingly, on which this writ of error is prosecuted. Numerous errors are assigned on the record, but in the argument no questions of the improper admission or rejection of evidence are urged, but everything seems to be urged against the action of the court in its sustaining defendant's motion to direct a verdict and instructing the jury to find for the defendant and incidentally against the action of the court in not granting a new trial. The whole weight of plaintiff's brief and argument is directed to the proposition that the alleged change or modification of the written contract mentioned in evidence should have been left to the jury to decide and that the court erred in taking the case from the jury on that proposition. The parties to the suit made a written contract under seal for the erection of an elevator by plaintiff for defendant for the price stated in the contract, according to the general specifications mentioned therein, to the satisfaction of the defendants, or their agents. The contract purported to be under the hands and seals of the parties. There was a seal opposite the signature of plaintiff, but no other seal. This was a sealed contract. *Ryan v. Cooke*, 172 Ill. 302; *Jackson v. Security Mut. Life Ins. Co.*, 233 Ill. 161.

Where an agreement is under seal, it is not competent, either at common law or under the law of this State, to modify or change it by proof of a subsequent parol understanding or agreement, and in the application of this rule it makes no difference that the contract may be one which would have been valid without any seal. *Ryan v. Cooke*, 172 Ill. 302, and cases therein cited; *Leavitt v. Stern*, 159 Ill. 526. We regard the attempt to prove the modification of this sealed contract, even if it had not been disputed by the defendant, as but offering proof of an executory verbal agreement. In its fullest extent it was evidence only of a verbal agreement, made before the elevator was constructed, to pay a different sum for

the construction of it than that named in the sealed contract, and this the law will not permit. The plaintiff testified that a few days after the sealed contract was made he informed defendant that he could not build the elevator at the price therein stated and that the defendants then told him to go ahead and do the job and keep the bills and do it to the satisfaction of their agent, naming the agent, and they would pay him what he had expended and make it a percentage job, which the plaintiff testified meant, he should be allowed ten per cent. for his services. He completed the elevator and was paid as much as the contract called for and was also paid for extras, of which he kept an account. In addition to that he built a water leg, or attachment for loading boats on the river from the elevator, and that being outside the contract he kept a separate account of that expense. If the conversation he testified to meant that the parties to the sealed contract then abandoned the contract for building the elevator and it was then agreed that the plaintiff should build such an elevator as the defendants might choose to have him build and pay its cost and ten per cent. additional, then the plaintiff would be entitled to recover.

Our conclusion is that what the conversation testified to by plaintiff meant, was that the plaintiff should go ahead and complete the job he had contracted to do and they would pay him its cost and ten per cent. additional.

Viewing the contract in the light above indicated, we regard it as clear that this proof of an oral modification of the sealed contract was not admissible to vary the terms of the sealed contract. There are many circumstances in evidence in the case that cast a doubt upon plaintiff's understanding of the conversation testified to by him. He directed his bookkeeper to keep an account of extras on the building. There would be no extras under the verbal change testified to by him. He did not present his bills to the defend-

ants when he sought to settle. He did not make the claim he now makes until long after the building was done. But these are matters which it is unnecessary to consider, as the weight of the evidence cannot be considered, and is not involved on this hearing. Evidence of the oral modification of the sealed contract was not competent and the plaintiff had no competent evidence to go to the jury, as he had already been paid the contract price and for extras and something in addition to the contract price, owing to his importunities therefor. Judgment is affirmed.

*Affirmed.*