(No. 24694.—

LOU EVANS *et al.* Appellees, *vs.* THE PURE OIL COMPANY, Appellant.

*Opinion filed October 13, 1938.*

VINSON, ELKINS, WEEMS & FRANCIS, and SMITH, GEORGE & McCOLLUM, (BEN A. HARPER, of counsel,) for appellant.

WEILEPP & WILSON, for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

Alonzo Evans died intestate leaving his widow, two sons, three daughters and three children of a deceased daughter, as his sole surviving heirs-at-law. The widow and three daughters (with their husbands) filed a complaint in the circuit court of Clay county against the Pure Oil Company to cancel a five-year oil and gas lease on certain lands owned by them and the five other heirs as tenants in common. The circuit court entered a decree canceling the lease and the Pure Oil Company has appealed directly to this court, a freehold being involved. *Douglass* v. *Treat,* 246 Ill. 593.

The lease in question was signed by Mrs. Lou Evans, Irene Franklin, her daughter, and Dolph Franklin, the latter's husband, on March 15, 1937, and by Bessie Denton and Pauline Shore and their husbands on March 16 and March 19, 1937, respectively. The five remaining tenants in common either refused to sign the lease or were never located. Mrs. Evans and her daughter testified that they were approached by F. A. Calvert, Jr., a representative of the oil company, who wanted to obtain a ten-year lease on the premises. They refused at first, stating that they wished to consult their co-tenants but finally signed a five-year lease when assured by Calvert that it would not be binding unless signed by all the remaining tenants in common. A check for the first year's rent was delivered to Mrs. Evans who testified that Calvert told her not to cash it until the remaining heirs signed the lease. This check was never cashed. Calvert, who testified for the oil company, denied that Mrs. Evans or her daughter signed the lease on the condition that it should be effective only if signed by their co-tenants. The trial court made a finding of fact on this issue in favor of plaintiffs and we believe this finding is supported by the greater weight of the evidence.

The Pure Oil Company argues that even if Mrs. Evans and her daughter signed the lease conditionally, the condi-

tion became inoperative when they delivered the lease to Calvert. In support of this argument it cites *McCann* v. *Atherton,* 106 Ill. 31, *Stanley* v. *White,* 160 id. 605, and other cases, holding that delivery of an instrument in escrow must be made to a third party, and not to the grantee or its agent, if the conditions attached thereto are to remain effective. In those cases we found that the grantor intended at the time of delivery to pass title presently, on the condition that the conveyance should subsequently become inoperative if the contingency provided for did not occur. On the other hand, we pointed out in one of those cases, *Stanley* v. *White, supra,* that if a grantor merely handed an instrument to the grantee for the sole purpose of enabling him to get the signatures of other grantors, such act would not constitute formal delivery but would be "a mere manual transfer of possession, and would not * * * [pass] title." (See, also, Devlin on Real Property, sec. 314a.) In the present case, it is clear that Mrs. Evans and her daughter Irene did not intend to presently convey any interest in their undivided portion of the real estate when they deposited the lease with Calvert; he was merely entrusted with the instrument for the purpose of obtaining the signatures of the other tenants in common. Formal delivery of the instrument to the grantee was not intended to take place until the last signature was obtained. Since, on questions of delivery, the intention of the parties rather than actual manual transfer of the instrument is controlling, (*Dry* v. *Adams,* 367 Ill. 400,) the trial court properly found that no delivery of the lease had been made and that it did not operate to transfer any interest of Mrs. Evans and Irene Franklin in the property.

Plaintiffs alleged in their complaint that the signatures of Mrs. Shore and Mrs. Denton (daughters of Mrs. Evans) and their husbands were likewise obtained by Calvert upon representations that the signatures of the remaining tenants in common would be secured. While Mrs. Shore and Mrs.

Denton did not testify at the trial that such representations were made to them, they did state that they would not have signed the lease if their mother and sister, Irene, had not already signed it. Calvert also testified that he called upon Mrs. Shore before he approached Mrs. Evans and Irene and was told by her that he would have to contact all the other heirs, and especially her mother, before she would sign. From a review of the entire record, we are convinced that the trial court properly found that Mrs. Shore and Mrs. Denton, like their mother and sister, Irene, did not intend to convey an interest in their undivided portion of the property unless the five remaining tenants in common did the same.

The judgment of the circuit court of Clay county is affirmed.

*Judgment affirmed.*