MORRIS LEVY, RESPONDENT, v. BERNARD ROTHCHILD AND SAMUEL SMALL AND DANIEL SMALL, TRADING AS ROTHCHILD & SMALL BROTHERS, APPELLANTS.

Submitted January 27, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the respondent, *George T. Vickers.*

For the appellants, *John J. Murphy.*

The opinion of the court was delivered by

PARKER, J.   The case involves the rule of parol evidence as varying the terms of a written instrument.   *Naumberg* v. *Young,* 44 *N. J. L.* 331.   The state of demand counted on a written contract of hiring between the plaintiff as employe and the defendants as employers, plaintiff to work for two years in their hat factory at wages of $50 per week.   There seems to be a discrepancy between the copy of the written contract as annexed to the state of demand and the paper that was put in evidence; the former is dated November 1st, 1923, and the latter February 5th, 1924.   The point seems unimportant because the provisions of the two contracts are substantially the same with respect to the matters involved in this suit.   The judgment was for $300, which seems to point to the first contract, the pertinent provision of which reads as follows:

"For the faithful and *bona fide* performance of this agreement and for each and every clause therein contained, the party of the second part hereby deposits the sum of $300, with the said parties of the first part as security.   Should the party of the second part violate any of the clauses in this agreement, then [and] it is agreed by and between the parties hereto that the said sum of $300 shall be retained by the said parties of the first part as liquidated damages for such breach. However, should the party of the second part fulfill this contract, then and in that event the said parties of the first part are to return to the said party of the second part the said sum of $300 at the end of two years with interest thereon at four per cent."

The suit was for $22.44 wages earned, to which no objection was made, and also for the $300 deposited as security pursuant to the provision of the contract above quoted.   The plaintiff

does not allege that he was discharged by the defendants, but claimed in his state of demand, and was allowed to prove on the trial, that simultaneously with the making of the contract, and as part of the consideration therefor, defendants agreed to safeguard the plaintiff from harm because of a strike then impending among the employes of the defendants, while plaintiff was going to and returning from his work, and during the time of his employment; that defendants failed to protect him as aforesaid and required him to go to his work unprotected; that he was assaulted by unnamed persons but because of his being in the defendants' employ, notwithstanding the strike; that he was disabled from performing his work and was in fear of life and limb if he should continue such work and therefore "discontinued his employment with defendants and demanded of them the return" of the $300 deposited as agreed, and as above set forth. A second count of the state of demand made claim for the $22.44 above mentioned. The defendant filed a counter-claim for damages consequent on being obliged to hire another person to take the plaintiff's place at higher pay. This counter-claim the court ignored on the ground that the defendants had not registered their business name in the county clerk's office. We think this ruling was erroneous (*Viracola* v. *Long Branch,* 1 *N. J. Mis. R.* 200); but that is not the crux of the case. The main question is whether the court erred in hearing, over objection, testimony to show the oral collateral contract for protection from violence. Counsel for the plaintiff argues that such oral contract is within the "collateral contract" exception referred to in Naumberg *v.* Young, but we do not think so, as it is not, in the language of that case, "collateral and on a subject distinct from that to which the written contract relates." In fact, it is on the very subject, namely, the employment; and, therefore, we think there was error in receiving this evidence.

It is suggested that the case is within the rule that the true consideration of a written contract may be shown. We do not think the rule is so broad as that. There are cases in which consideration may be shown by parol, particularly in relation to deeds and similar writings (22 *C. J.* 1157, *et seq.*);

but the courts properly exercise great caution in making an exception to the general rule, and where the effect of such evidence would be to change or defeat the legal operation and effect of the instrument, or to add new matter to an agreement complete upon its face, the evidence is not admissible. 22 *C. J.* 1169. On page 1172 of the same volume the rule is stated that "where the writing is complete upon its face, an additional executory consideration cannot be shown by parol; or as it is sometimes expressed, new terms cannot be engrafted into an agreement by parol under the guise of varying the consideration."

Thus, where a bond recited its consideration as the transfer and delivery of assets of a firm, it was held incompetent to show by parol that the books were also to be delivered. *Cocks* v. *Barker,* 49 *N. Y.* 107. So, in *Chaplin* v. *Gerald (Me.),* 71 *Atl. Rep.* 712, parol evidence was permitted by the trial court to show that in addition to the stipulated money payment as consideration for a release of a damage claim, defendants agreed orally to give the plaintiff employment. The Supreme Court of Maine said this was error, but not cognizable because not raised by proper exception.

In *Castelbaum* v. *Wolfson,* 92 *N. J. L.* 165, the second syllabus reads:

"In the absence of fraud or illegality, where a written agreement is complete on its face, oral testimony will not be permitted either to contradict it, or to supply terms with respect to which the writing is silent."

In *Platt* v. *Currie,* 100 *N. J. Eq.* 543, in the Court of Errors and Appeals, a foreclosure suit, the defendant admitted the mortgage was due and that he had made a collateral bond but set up an alleged collateral agreement that he was to have an assignment of the mortgage on payment of $1,000 less. The court held that evidence to show such an agreement was inadmissible.

The case at bar is essentially similar to those cited above. The obvious attempt of the plaintiff in which he succeeded at the trial, was to introduce into a written agreement complete on its face and in which both the consideration and the promise were executory, an additional stipulation by parol

bearing directly on the subject-matter. This, under all the better authorities, cannot be done. The admission of such evidence was error for which the judgment must be reversed. The fact that it was pleaded in the state of demand will not make competent evidence that otherwise is incompetent.

There must be a new trial, at which the counter-claim should be considered on its merits.